ROSALY *v.* ALVARADO.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 630.—Resuelto en febrero 2, 1911.

PRESCRIPCIÓN—PAGARÉS DE COMERCIO.—Las acciones procedentes de los pagarés de comercio prescriben a los tres años, contados de su vencimiento.

ID.—OBLIGACIONES—ACTOS MERCANTILES.—La expedición de pagarés a la orden, y sus endosos, deben reputarse actos mercantiles, con arreglo al artículo 2 del Código de Comercio, sean o no comerciantes los que los ejecuten, por ser tales documentos de los expresamente definidos en dicho Código, y por tanto hay la presunción de que proceden de operaciones de comercio, salvo prueba en contrario.

CÓDIGO DE COMERCIO—TRANSACCIONES MERCANTILES.—Las disposiciones del Código de Comercio no han sido promulgadas para beneficio de una determinada clase de personas, sino para regular las transacciones mercantiles, estén o nó previstas por el Código.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rafael López Landrón.*

Abogado del apelado: *Sr. José Tous Soto.*

EL JUEZ ASOCIADO, SR. MACLEARY, emitió la opinión del tribunal.

En este caso se presentó la demanda el día 2 de enero de 1909, en cobro de un pagaré de $1,191.22, que se alega haber sido otorgado y entregado por el demandado en 30 de abril de 1901, a favor y orden de Don Lázaro Puente, intestado del

demandante, "quien en esa época no era comerciante," por dinero recibido a préstamo, y cuyo pagaré vencía en 21 de febrero de 1902, alegándose además, que el expresado pagaré no ha sido satisfecho ni en todo ni en parte.

El demandado admite que se otorgara y entregara el pagaré, y funda su defensa en la ley de prescripción, alegando que el pagaré que se trata de cobrar es un documento comercial pagadero a la orden, y que cualquier acción que se establezca para su cobro ha prescrito a tenor del artículo 950 del Código de Comercio que fija el término de tres años de su vencimiento.

Si el Código de Comercio tiene aplicación a este caso, la acción ha prescrito, puesto que ha transcurrido más de seis años, o sea dos veces el término que la ley prescribe, entre el vencimiento del pagaré y la fecha en que se estableció la demanda, siendo el término de tres años suficiente para que la acción quede extinguida según el artículo citado.

En los autos no aparece una copia exacta del pagaré en cuestión, por lo que tenemos que atenernos a las alegaciones para poder hacer una apreciación del mismo; y se alega en la demanda que se otorgó a "favor y a la orden de" Puente, o sea la persona a quien el pago había de hacerse, "quien no era entonces un comerciante." El demandante parece fundarse en el hecho de que el difunto, en la fecha en que se otorgó el pagaré no tenía la ocupación de comerciante. Pero esta no es la cuestión envuelta. El Código de Comercio no fué aprobado para regir transacciones entre comerciantes, sino para regular negociaciones de comercio entre todo el mundo. No fué un Código establecido para beneficio de cierta clase de personas sino para beneficiar a todos con relación a determinada clase de negociaciones. Es la índole del pagaré que trata de cobrarse y no la ocupación de las partes, que tomaron o dieron dinero prestado lo que determina si esta cuestión está o nó comprendida en las prescripciones del Có-

digo de Comercio.   Esto está claramente indicado en el artículo segundo de ese Código, que es como sigue:

"Art. 2. Los actos de comercio, sean o nó comerciantes los que los ejecuten, y estén o nó especificados en este Código, se regirán por las disposiciones contenidas en él; en su defecto, por los usos del comercio observados generalmente en cada plaza; y a falta de ambas reglas, por las del derecho común.

'Serán reputados actos de comercio los comprendidos en este Código, y cualesquiera otros de naturaleza análoga.''

También en el artículo 532 del Código de Comercio, a saber:

"Artículo 532. Las libranzas a la orden entre comerciantes, y los vales o pagarés también a la orden, que procedan de operaciones de comercio, producirán las mismas obligaciones y efectos que las letras de cambio, excepto en la aceptación, que es privativa de éstas.

"Los vales o pagarés que no estén expedidos a la orden se reputarán simples promesas de pago, sujetas al derecho común o al mercantil, según su naturaleza, salvo lo dispuesto en el artículo siguiente."

Un pagaré semejante al presente fué considerado por el Tribunal Supremo de España, como comprendido en las prescripciones del Código de Comercio, según puede verse de una referencia que se haga al caso de *Silvestre* v. *Banco de España,* resuelto en 25 de enero de 1898, 83 Jurisprudencia Civil, p. 162.   Véase también la sentencia del mismo alto tribunal dictada en 28 de febrero de 1892, al mismo efecto.

Seguimos esos casos en otro análogo y dictamos una sentencia sobre la misma cuestión en 15 de enero de 1906.   En ese caso digimos:

"La expedición de pagarés a la orden y sus endosos deben reputarse actos mercantiles con arreglo al artículo 2 del Código de Comercio, por ser de los expresamente definidos en dicho cuerpo legal, habiendo por tanto la presunción de que proceden de operaciones de comercio, salvo prueba en contrario.

"Las acciones que se originen de pagarés mercantiles prescriben dentro de tres años de su vencimiento."

*Hernández* v. *Muñoz,* 3 Dec. P. R., 6.

De acuerdo con esas decisiones, la acción establecida para el cobro del pagaré de referencia había quedado extinguida por prescripción de tres años, y debió haberse dictado sentencia a favor del demandado. Por estas razones debe revocarse la sentencia dictada por la Corte de Distrito de Ponce en 24 de enero de 1910, y dictarse por esta corte sentencia a favor del demandado, que es el apelante en este tribunal.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados, Wolf, del Toro y Aldrey.