VÁZQUEZ, DEMANDANTE Y APELANTE, *v.* LAÍNO, DEMANDADO Y
APELADO.

Apelación procedente de la Corte de Distrito de Humacao
en causa sobre cobro de dinero.

No. 1312.—Resuelto en noviembre 19, 1915.

PAGARÉS A LA ORDEN—ACTOS DE COMERCIO.—Se presume que los pagarés expedi-
dos a la orden son documentos mercantiles que surgen de operaciones de
comercio, salvo prueba en contrario.

ACTOS DE COMERCIO—COMPRAVENTA DE ACCIONES Y DERECHOS EN SOCIEDADES—
PAGARÉS DADOS EN PAGO—PRESCRIPCIÓN.—La compra hecha por un socio a
los demás, de sus derechos y acciones en la sociedad, no es un acto de comer-
cio dentro del significado del artículo 2 del Código de Comercio, y una
acción basada sobre pagarés dados en pago como precio de la venta no
está limitada al término de tres años que prescribe el artículo 950 de dicho
código.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Fernando Vázquez.*

Abogado del apelado: *Sr. Carlos Travecier.*

EL JUEZ ASOCIADO SR. HUTCHISON emitió la opinión del
tribunal.

En diciembre de 1914, la Corte de Distrito de Humacao
dictó sentencia declarando sin lugar una acción establecida
por virtud de un pagaré, por los hechos y razones expresa-
dos en su opinión que fué emitida por separado, la cual es
como sigue:

"Procedente de la Corte Municipal de Humacao llegó a esta corte
en grado de apelación el presente caso sobre cobro de dólares, esta-
blecido por Nicolasa Vázquez en representación de sus hijos menores
versus Eugenio Laíno. Las alegaciones sustanciales de la demanda
son las siguientes: Que Julio Sandoz, padre de los menores hijos
en cuya representación comparece Nicolasa Vázquez, falleció en esta
ciudad, habiendo instituído por sus únicos y universales herederos
a los menores Angelina, Luis, Alicia, Ana María y Pablo Vázquez.
Que por escritura otorgada en esta ciudad el 12 de septiembre de
1906, los Sres. Julio Sandoz, Jesús Domínguez y Eugenio Laíno,
constituyeron una sociedad líquida colectiva por el término de dos
años, para la elaboración y compraventa de licores siendo gestores

de la misma sociedad que se titulaba 'Humacao Liquor Company'; que por escritura posterior se disolvió la dicha sociedad, quedando hecho cargo del activo y pasivo, de la misma, el socio Eugenio Laíno, quien compró los derechos en la sociedad a los otros socios Jesús Domínguez y Julio Sandoz. Que la compra que hizo Eugenio Laíno a Julio Sandoz de los dichos derechos y acciones, fué por la cantidad de mil cien dólares, que le pagó Laíno con dos obligaciones de qui-nientos cincuenta dólares cada una, pagaderas una en primero de abril y otra en primero de octubre de 1908. Que Eugenio Laíno hizo varios abonos a Julio Sandoz a cuenta de su deuda, mediante la cantidad de setecientos ochenta y tres dólares cuarenta y nueve centavos, y le está adeudando la suma de trescientos veinte y ocho dólares, setenta y un centavos; que los demandantes son hoy los dueños de la referida cantidad de trescientos veinte y ocho dólares setenta y un centavos, como sucesores del causante Julio Sandoz. Que el demandado al contestar la demanda aceptó ciertos hechos, negó otros, y como defensa especial alega que la acción que se ejercita ha prescrito de acuerdo con el artículo 950 del Código de Comercio. Se señaló día para la vista de este caso, comparecieron las partes por sus respectivos abogados y habiendo anunciado estar listas, se procedió al examen de la evidencia aportada por la parte deman-dante, y una vez que·dicho demandante anunció haber terminado su prueba, la representación del demandado estableció excepción pre-via a la prueba del demandante por medio de una moción de *non suit* solicitando de la corte se dictara sentencia declarando sin lugar la demanda, por no aparecer de la prueba de los demandantes que éstos tuviesen ·causa de acción. La cuestión de derecho suscitada con la moción de *non suit,* fué sometida a la consideración de la corte por alegatos escritos que reservó su resolución, que la dicta hoy. La contestación del demandado en apoyo de su moción de *non suit* es, que la presente acción en cobro de dinero debe regirse necesariamente por el Código de Comercio toda vez que eran comer-ciantes las partes contratantes, y procedían de una operación de comercio los documentos óbjeto de la reclamación. Que efectiva-mente tal es el principio que encarna el artículo 2 del Código de Comercio, que dispone que los áctos de comercio, sean o nó comer-ciantes los que los ejecuten, se rigen por las disposiciones contenidas en dicho Código de Comercio. De la prueba aportada por los deman-dantes y de sus alegaciones resulta que los pagarés que sirvieron de fundamento a la acción que ahora se ejercita sobre cobro de dinero, proceden de actos de comercio, pues dichas obligaciones fueron otor-

gadas por un socio a los demás miembros de la sociedad para responder del pago de los derechos y acciones que adquiriera el demandado Laíno de los ya referidos socios de la 'Humacao Liquor Company.' De suerte pues, que no cabe duda que la presente acción debe regularse por las disposiciones del Código de Comercio. Ahora bien; veamos si la acción que se ejercita ha prescrito como sostiene la representación del demandado. De la demanda aparece que el demandado Laíno otorgó a favor del causante de los demandantes, dos pagarés que aunque no hay nada que indique que fuesen expedidos a la orden, quedaban sujetos al derecho mercantil, pues el artículo 533 del Código de Comercio, establece que los vales o pagarés que no estén expedidos a la orden se reputarán simples promesas de pago, sujetas al derecho común o al mercantil, según su naturaleza; y como ya se ha expresado, procediendo los pagarés en cuestión de actos de comercio, no quedaban sujetas las acciones de ellos derivadas al derecho común y sí a las disposiciones del Código de Comercio según el cual en su artículo 950, las acciones que proceden de pagarés de comercio, se extinguen a los tres años de su vencimiento. De acuerdo con la alegación cuarta de la demanda, los pagarés en que fundan su acción los demandantes vencían uno en abril y otro en octubre de 1908; y habiendo transcurrido más de tres años de la fecha del vencimiento, no hay duda alguna que la acción que ejercitan los demandantes está prescrita. Véase el caso de *J. Ochoa Hermanos* v. *Lanza*, 17 D. P. R., 420. Por las razones expuestas, entiende la corte que procede declarar con lugar la moción de *non suit,* toda vez que de las alegaciones y de la prueba del demandante aparece prescrita la acción que se ejercita, sin que se haya alegado ni probado la interrupción de la prescripción. Se declara sin lugar la demanda, debiendo la parte demandante satisfacer las costas.''

Solamente un error ha sido alegado, a saber, que la corte cometió error al declarar que ha prescrito la acción ejercitada.

El caso de *Ochoa Hermanos* v. *Lanza* en el cual se funda el juez de la corte inferior, no es de aplicación. En dicho caso este tribunal simplemente resolvió que los pagarés expedidos a la orden son documentos mercantiles por existir la presunción de que lo son salvo prueba en contrario, y con arreglo al Código de Comercio, prescriben a los tres años contados desde su vencimiento, háyanse o nó protestado.

Por otra parte en el caso de *Gonzále*z v. *Méndez,* 8 D .P. R., 269, los dos primeros párrafos de la sentencia apelada son como sigue:

"Considerando que en la escritura otorgada por Doña Petrona Resto en representación de su hija menor Doña Petrona del Carmen González se ceden a la Sociedad González Méndez y Cía. los derechos y acciones que por la herencia de Don Domingo González tenía la expresada menor, después de lo que los nuevos adquirentes modifican la constitución de la Sociedad González Méndez y Cía., por lo que la escritura abarca dos contratos: uno de cesión de toda clase de bienes muebles, semovientes e inmuebles que procedentes de la sociedad que pertenecían a la menor por herencia paterna, y otro de modificación.

"Considerando que el ameritado contrato de cesión no es un acto de comercio de los comprendidos en el Código Mercantil ni de naturaleza análoga, como se determina en el artículo 2º. de dicho cuerpo legal, por cuanto no revela el propósito de tráfico y negociación por medio de evoluciones tendentes al lucro que produce el continuado movimiento de la oferta y la demanda comercial."

Del sumario de dicho caso citamos el siguiente párrafo:

"Los artículos 50, 234 y 297 del Código de Comercio no son aplicables al contrato a que se refiere el párrafo anterior, pues dicho contrato no es un acto mercantil, y tiene por sí mismo una entidad propia e independiente de la liquidación de la sociedad, la que consiste en cobrar los créditos, pagar las deudas y realizar las operaciones pendientes."

Entre otros hechos que fueron expresados en el caso de *Salgado* v. *Villamil,* 14 D. P. R., 449, aparecen los siguientes:

"Esa deuda procedía de la compra que por escritura número 277 otorgada ante el notario de Manatí Don Francisco Y. Náter el 11 de junio de 1897, hizo Don Peregrino Villamil a Doña Pilar Torrado, no sólo de las acciones y derechos que en la Sociedad Comercial 'Villamil y Hermano' que giraba en Arecibo tenía como socio el fallecido hijo de la vendedora Don Ramón Fernández Torrado conocido en esta isla por Ramón Villamil y Torrado, sino también de los derechos y acciones que independientes de dicha sociedad correspondían al mismo en esta provincia y han pasado por su volun-

tad manifestada en testamento a ser de su madre la vendedora Doña Pilar Torrado.''

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

''Como consecuencia de las anteriores operaciones Don Peregrino Villamil otorgó siete pagarés a favor de Doña Pilar Torrado o a su orden el 11 de junio de 1897, fecha de las anteriores escrituras, uno de ellos por 1,300 pesos de moneda provincial, que se dice extraviado; cinco por 1,500 pesos cada uno y otro por mil pesos, vencederos en los plazos que anteriormente se expresaron. En esos documentos privados se expresa que la deuda procede de la compra de acciones y derechos hereditarios correspondientes a Doña Pilar Torrado como sucesora universal de Don Ramón y Don Manuel Fernández y Torrado. Cada uno de dichos documentos está firmado por Don Peregrino Villamil como deudor directo y por Don Ramón Torrado y Cardalda, como fiador y principal pagador y se refieren expresamente a la escritura que con la misma fecha se otorgó.''

El Juez Sr. Figueras al emitir la opinión de este tribunal en ese caso se expresó como sigue:

''Segunda cuestión.—En el caso de *Agustín Hernández Mena* v. *José de los Santos Muñiz,* fallado en 15 de enero de 1906, y siguiendo la doctrina consignada en las últimas sentencias dictadas sobre la materia por el Tribunal Supremo de España, hemos dicho que la expedición de pagarés a la orden y sus endosos deben reputarse actos mercantiles con arreglo al artículo segundo del Código de Comercio, por ser de los expresamente definidos en dicho cuerpo legal, habiendo, por tanto, la presunción de que proceden de operaciones de comercio, salvo prueba en contrario.

''Pero es el caso que los pagarés proceden aquí de la compraventa de acciones y derechos hereditarios como así se expresa en el texto de los mismos que se acompañaron a la demanda, y como lo prueba la escritura pública número 277 de 11 de junio de 1897, cuya autenticidad no se ha impugnado.

''El inciso segundo del artículo segundo del Código de Comercio, reputa acto de comercio los comprendidos en dicho código y 'cualesquiera otro de naturaleza análoga.'

''¿Es de naturaleza análoga a los comprendidos la venta de acciones y derechos hereditarios? En manera alguna, porque sólo pueden comprenderse dentro de la pregunta y considerarse como mercantiles aquellos actos en que ya en la compra, ya en la venta, las partes

tuvieren el propósito de obtener lucro y en estas operaciones fundamentasen su estado civil.

"Esta apreciación acertadísima, dada la naturaleza del comercio, consta en el código comentado y concordado por la Redacción de la Revista General de Legislación y Jurisprudencia, fundada por Don José Reus y García, al comentar el artículo segundo.

"Es mercantil la compraventa cuando se hace para revender lo comprado, bien en la misma forma en que se compró o bien en otra diferente, con ánimo de lucrarse en la reventa. Artículo 325.

"No consta que el comprador Don Peregrino Villamil vendiese las acciones y derechos hereditarios que adquirió en la misma o en otra forma, sino que cuando más puede concederse es que vendió materias muy diversas, es decir, la parte alícuota que en cada uno de los efectos de su comercio tenía la vendedora Pilar Torrado por herencia de sus hijos.

"De modo que está en contra de la presunción de que los pagarés proceden de operación de comercio la prueba en contrario consistente en los mismos pagarés, en la escritura de venta y en el hecho de que no se ve el propósito de obtener lucro porque la única intención que se descubre en la vendedora y en el comprador, es romper el vínculo que les unía en la Sociedad Mercantil de 'Villamil y Hermano,' por más que también fué objeto de la compra otros derechos y acciones independientes de la sociedad y ésta es otra razón que abona la afirmación de que los pagarés no proceden de operación de comercio."

El principio que de tal modo ha sido enunciado es el que debe regular esta cuestión el cual resuelve terminantemente el caso de autos.

Debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos que no sean incompatibles con esta opinión.

> *Revocada la sentencia apelada y devuelto*
> *el caso para ulteriores procedimientos no*
> *incompatibles con la opinión.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Wolf firmó: conforme con la sentencia.