Fernández, Demandante y Apelado, *v.* Ruiz Soler et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de dinero.

No. 1882.—Resuelto en febrero 18, 1919.

Sentencia por el Mérito de las Alegaciones—Prescripción de la Acción—Pagaré a la Orden.—Disponiendo el artículo 132 del Código de Enjuiciamiento Civil que toda alegación esencial de la demanda no impugnada en la contestación se tendrá por cierta para los efectos de la acción, procedía, en el presente caso, dictar sentencia tomando por base las alegaciones de la demanda, según las cuales la acción había prescrito por ser de aplicación a los pagarés a la orden el artículo 950 del Código de Comercio, mientras no se destruya la presunción que tienen de documentos mercantiles.

Enmiendas a la Demanda—Alegaciones.—No habiendo el demandante solicitado permiso de la corte para enmendar su demanda introduciendo en ella alguna alegación que destruyera la presunción de mercantil que tenía el documento, la cuestión legal sobre la prescripción quedó en *issue* bajo las alegaciones originales de la demanda y bajo ellas tenía derecho el demandado a que fuera resuelta, sin admitirse evidencia para suplir la falta de una alegación que debió hacerse por medio de enmienda.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José Martínez Dávila.*

Abogado del apelado: *Sr. Manuel Ginorio.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de una acción ejercitada ante la Corte de Distrito de San Juan, Sección Primera, por Alfonso M. Fernández contra José Ruiz Soler y José E. Benítez para el cobro de un pagaré.

El pagaré de que se trata inserto en la demanda radicada en 17 de enero de 1917, dice así:

"Por $2,000 oro Americano.—Pagaremos solidariamente, en esta ciudad a la orden de don Alfonso M. Fernández el día veinte y seis de julio próximo venidero la suma de dos mil dollars valor recibido de don Alfonso M. Fernández.—Dicha suma devengará el interés del 1 por ciento mensual pagadero por mensualidades vencidas. —En caso de demora, abonaremos el interés del 12 por ciento anual, y en caso de demanda todos los gastos, incluso los honorarios del abogado del demandante. Todo (así dice) obligamos nuestros bienes habidos y por haber; nos sometemos expresamente a los jueces ordinarios de esta ciudad, y renunciamos a cuantas leyes puedan favorecernos. San Juan de Puerto Rico, julio 26 de 1910.—José E. Benítez.—J. Ruiz Soler, Garantizador.—Testigo, Juan de Arruza."

Alega el demandante como hechos fundamentales de su acción que en 26 de julio de 1910 los demandados José Ruiz Soler y José E. Benítez confesaron adeudar solidariamente al demandante la suma de $2,000 que se obligaron a pagar al acreedor en iguales día y mes de 1911 con intereses a razón del 1 por ciento mensual, obligándose también en caso de demora a satisfacer intereses al mismo tipo expresado; que los demandados le abonaron en 10 de noviembre de 1911 la suma de $1,000 a cuenta del pagaré; que actualmente le adeudan el resto de $1,000 más la suma de $629.38 en concepto de intereses vencidos y no satisfechos hasta el 31 de diciembre de 1916; y que para la prosecución de la acción ha convenido con su abogado los honorarios en la suma de $300.

La demanda concluye con la súplica de que se dicte sentencia condenando a los demandados solidariamente al pago de $1,000 en concepto de capital, $629.38 por intereses deven-

gados y no satisfechos, y los demás que se devenguen hasta el total pago de la deuda, juntamente con las costas y gastos que origine la acción, y $300 por honorarios de abogado.

Después de haber opuesto el demandado José Ruiz Soler a la anterior demanda las excepciones previas de que la acción establecida había prescrito a tenor de lo que dispone el artículo 950 del Código de Comercio, y de que la demanda no aduce hechos bastantes para constituir una causa de acción, formuló contestación reproduciendo simplemente la excepción de prescripción antes alegada como excepción previa.

Llamado el caso a juicio, al que comparecieron ambas partes por sus respectivos abogados, la representación del demandado José Ruiz Soler solicitó de la corte que toda vez que los hechos alegados en la demanda no se negaban y que sólo se planteaba una cuestión de derecho tomase el caso bajo su consideración sin necesidad de pruebas. El abogado del demandante se opuso a la anterior moción y la corte permitió al demandante presentar prueba para demostrar que la obligación reclamada no era de carácter mercantil. Esa resolución fué excepcionada por Ruiz Soler por entender que no habiendo en la demanda alegación alguna que tratase de destruir la presunción de que la obligación era mercantil no podía aportarse prueba para destruir tal presunción.

Se practicaron las pruebas propuestas por el demandante sin que el demandado produjera prueba alguna, y la corte pronunció sentencia en 9 de enero de 1918 declarando con lugar la demanda y en su consecuencia condenando al demandado José Ruiz Soler a pagar al demandante Alfonso M. Fernández la suma de $1,000 de capital, $629.38 de intereses vencidos hasta el 31 de diciembre de 1916, y las costas.

Esa sentencia ha sido apelada por el demandado José Ruiz Soler para ante esta Corte Suprema, y alega como fundamento del recurso que la corte sentenciadora cometió error al no declarar con lugar la excepción de prescripción opuesta a la demanda, con infracción del artículo 950 del Código de Co-

mercio, y que también cometió error al denegar la moción para que. se resolviese el caso por el mérito de las alegaciones y permitir que el demandante presentase prueba para demostrar que la obligación reclamada en la demanda no es de carácter mercantil.

Tiene razón la parte apelante. El artículo 132 del Código de Enjuiciamiento Civil prescribe que toda alegación esencial de la demanda no impugnada en la contestación se tendrá por cierta para los efectos de la acción. Siendo ello así procedía dictar sentencia tomando por base las alegaciones del demandante, y con sujeción a ellas la acción ejercitada había prescrito según la ley aplicable al caso.

El artículo 950 del Código de Comercio estatuye que las acciones procedentes de letras de cambio se extinguirán a los tres años de su vencimiento, háyanse o no protestado y que igual regla se aplicará a las libranzas o pagarés de comercio, etc., y esta corte ha declarado repetidas veces que los pagarés a la orden deben reputarse o presumirse documentos mercantiles, salvo prueba en contrario. *Hernández* v. *Muñiz,* 10 D. P. R. 17; *Rosaly* v. *Alvarado,* 17 D. P. R. 109; *J. Ochoa y Hermano* v. *Herederos de Lanza,* 17 D. P. R. 480; y *Vázquez* v. *Laino,* 23 D. P. R. 235.

Mostrando la demanda que el pagaré fué firmado en 26 de julio de 1910, y que sólo se hizo un abono parcial en 10 de noviembre de 1911, sin que aparezca que no fuera mercantil, debiendo por·tanto presumirse tal, es claro que hasta el 17 de enero de 1917 en que fué radicada la demanda, transcurrió el término de tres años señalado para su prescripción.

Como el demandante no pidió permiso a la corte para enmendar su demanda, introduciendo en ella alguna alegación que destruyera la presunción de mercantil·que tenía el documento, la cuestión legal sobre prescripción quedó en *issue* bajo las alegaciones originales de·la demanda y bajo ellas tenía derecho el demandado a que fuera resuelta, sin admitirse evidencia para suplir la falta de una alegación que debió hacerse por medio de enmienda.

Es de revocarse la sentencia apelada sin perjuicio del derecho que tenga el demandante de pedir permiso para enmendar la demanda.

> *Revocada la sentencia apelada sin perjuicio*
> *del derecho del demandante a pedir permiso*
> *para enmendar.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.