VÁZQUEZ, DEMANDANTE Y APELADO, *v.* FREIRÍA, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre extinción de deuda y entrega de documentos.

No. 1977.—Resuelto en agosto 1, 1919.

PRESCRIPCIÓN—PAGO—ALEGACIONES COMPATIBLES.—Como los estatutos de prescripción se fundan en gran parte, aunque no enteramente, en la presunción del pago, no existe incompatibilidad alguna inherente en alegarse tanto el pago de ciertos pagarés como la prescripción de la acción para su cobro por precepto estatutorio.

OBLIGACIÓN DE ORIGEN MERCANTIL—RECONOCIMIENTO DE OBLIGACIONES PRESCRITAS.—Según el artículo 944 del Código de Comercio en caso de reconocimiento de las obligaciones el término de la prescripción empezará a contarse nuevamente desde el día en que se haga tal reconocimiento, por lo que, en el presente caso, la acción para el cobro del pagaré de $150 que el apelado reconoció adeudar al declarar en el juicio, aunque estaba prescrita, su prescripción empieza a contarse nuevamente desde la fecha de ese reconocimiento.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Tomás Bernardini de la Huerta.*

Abogado del apelado: *Sr. Manuel A. Martínez Dávila.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El demandante, que alega que ciertos pagarés que están en poder del demandado habían sido satisfechos, estableció demanda para que se decretara la extinción de la deuda y condenara al demandado a verificar la entrega de los referidos pagarés cancelados. El demandado formuló su contestación negando que se hubiera hecho dicho pago y por vía de contra-demanda, a la que se llama reconvención, trató de recobrar el importe de los pagarés. Al contestar el demandante a dicha reconvención y después de hacer una negativa general, alegó haber verificado el pago de dichos pagarés y que en todo caso la deuda estaba prescrita por virtud del término de tres años que ha transcurrido de acuerdo con el Código de Comercio.

El demandado apela de una sentencia por la que se desestima la reconvención y ordena la cancelación de ambos pagarés, el mayor de $425 por haber sido satisfecho, y el menor de $150 por haber prescrito la acción para hacerlo efectivo.

Alega que la corte inferior cometió error—

*Primero,* al no obligar al demandante a elegir entre dos defensas contradictorias, o sea el pago y la prescripción.

*Segundo,* al declarar con lugar la demanda y sin lugar la reconvención por razón del pago, y

*Tercero,* al sostener la alegación de prescripción.

Por la razón de que los estatutos de prescripción se fundan no enteramente pero en gran parte en la presunción del pago, no existe incompatibilidad alguna inherente en alegarse tanto el pago como la prescripción de la acción de acuerdo con el estatuto.

En lo que respecta a la cuestión de hecho referente al pago del pagaré de mayor cantidad de un examen cuidadoso de los autos no aparece semejante error manifiesto que justifique la revocación de la sentencia de la corte inferior.

El demandante en la silla testifical negó claramente la

alegación de haberse verificado el pago total del pagaré de menor cantidad, y renunció tácitamente al privilegio estatutorio alegado por su abogado, alegando haber satisfecho solamente la suma de $50 a cuenta de dicho pagaré, exponiendo en efecto que jamás se había negado sino que estuvo dispuesto y deseoso de pagar y en varias ocasiones trató de hacer efectivo el saldo de $100, insistiendo, sin embargo, en la entrega de ambos pagarés y que se le diera recibo en pago de la totalidad de la deuda. El juez sentenciador declaró probado que los $50 que se dice fueron satisfechos a cuenta del pagaré de menor cantidad no fueron realmente pagados, sino que era para obrar otras sumas que no es necesario mencionar aquí.

La teoría de la corte inferior fué que tal reconocimiento de deuda después de transcurrido el término fijado en el estatuto se hizo demasiado tarde y no podía revivir el pagaré ya prescrito. Pero se resolvió además, que en todo caso, habiendo sido traspasado el pagaré a un tal Gallart, endosado por el librado ''como fiador y principal pagador,'' el contra-demandante no podía recobrar a falta de prueba de que él había vuelto a ser el dueño del pagaré y de que la suma del mismo no había sido pagada a Gallart.

Prescindiendo de la manifestación jurada del demandante a que se ha hecho referencia, las declaraciones de otros testigos que no fueron contradichas y que no fueron tomadas en consideración más bién que descreídas por el juez sentenciador, muestran que el pagaré fué endosado al banco por el librado y por el banco a Gallart para su cobro y al negarse el deudor a verificar el pago sin hacerse la entrega del otro pagaré y los recibos como queda dicho, fué devuelto al primitivo librado o sea al contra-demandante.

El artículo 944 del Código de Comercio prescribe de modo expreso que el reconocimiento de las obligaciones es suficiente para interrumpir la prescripción y éste ''empezará a contarse de nuevo'' en caso de tal reconocimiento ''desde el día en que se haga.''

"Es una regla general que una nueva promesa de pagar una deuda o un reconocimiento sin condiciones de una deuda del que puede inferirse una promesa de pago hará que el caso no quede sujeto a los preceptos del estatuto cuando no va acompañado de alguna negativa a hacer el pago o de tales circunstancias que rechasen la suposición o dejen en duda si la persona intentaba o no prolongar el término de prescripción legal, aun cuando no exista promesa expresa por parte del deudor. Y se ha resuelto que hasta el más leve reconocimiento es suficiente. Sin embargo, no es el mero reconocimiento de una deuda que existe lo que hace desaparecer el impedimento. Cuando se admite que una deuda está vencida, surge de la ley la promesa de pagarla. Y es esta nueva promesa, ya se haga de modo expreso o se deduzca del reconocimiento como deducción legal, lo que ha de considerarse que revive la antigua promesa, o que da validez al remedio, el cual, por el lapso de tiempo, ha quedado extinguido, poniendo al acreedor en condiciones de recobrar su deuda por virtud de su primitivo contrato." 17 R. C. L. p. 889, § 248.

" * * * La regla general es, según parece, que no existe distinción entre el efecto legal de un reconocimiento o pago hecho antes o después de correr el término fijado en el estatuto, pues en uno u otro caso el efecto es destruir el principio del supuesto pago en que se basa el estatuto. Y la deuda original es una causa legal suficiente para la promesa ya se haga ésta antes o después de correr el término de la prescripción." *Idem.,* p. 894, § 252.

Debe revocarse la sentencia en cuanto al pagaré de $150 y al derecho del contra-demandante a cobrarlo, y confirmarse en los demás extremos.

> *Confirmada la sentencia apelada en cuanto declaró con lugar la cancelación del pagaré de $425 y revocada en cuanto ordena la cancelación del pagaré de $155 y condenado el demandante a pagar al demandado la suma de $150.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.