JUSTO BARROS, demandante y apelante, *v.* MARGARITA PADIAL VDA. DE GAOS, demandada y apelada.

No. 3385.—*Visto:* Enero 29, 1925. *Resuelto:* Marzo 26, 1926.

1. LIMITACIÓN DE ACCIONES—ESTATUTOS DE PRESCRIPCIÓN—NATURALEZA—VALIDEZ E INTERPRETACIÓN EN GENERAL — INTERPRETACIÓN DE LOS ESTATUTOS DE PRESCRIPCIÓN.—El criterio moderno está en contra de la anterior teoría de que las alegaciones de prescripción nunca son favorecidas, pero las cortes darán al estatuto de prescripción una interpretación razonable aunque sin extenderlo más allá de sus claros términos.

2. LETRAS Y PAGARÉS (*Bills and Notes*)—ACCIONES—PESO DE LA PRUEBA—CARÁCTER MERCANTIL DE UN PAGARÉ—DESTRUCCIÓN DEL MISMO.—El carácter presuntivo de ser comercial un pagaré librado a la orden, siendo universal y aplicable a todos los pagarés, no desaparece porque se demuestre—tratándose de un pagaré que procede de un préstamo—que los préstamos general o frecuentemente no están dotados de un carácter mercantil; es necesario destruir tal carácter demostrando que el préstamo no está incluido en el campo comercial.

3. LETRAS Y PAGARÉS (*Bills and Notes*)—REQUISITOS Y VALIDEZ—FORMA Y CONTENIDO DE LOS PAGARÉS Y ''DUEBILLS'' — NATURALEZA DEL PAGARÉ. — En Puerto Rico, dada la tendencia general de los estatutos que rigen sobre la materia, la corte de apelación se inclina a creer que un pagaré expedido a la orden constituye por sí una operación mercantil.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando sin lugar demanda sobre cobro de dinero, con costas, pero sin incluir en éstas honorarios de abogado. *Confirmada.*

*Francisco Soto Gras,* abogado del apelante; *R. Rivera Zayas,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Independientemente de los muchos otros casos que requerían inmediata atención, algunos de ellos exigiendo al

parecer preferencia, la resolución de este caso ha sido demorada por el hecho de que nuestra anterior jurisprudencia ha sido en efecto impugnada.

La Corte de Distrito de San Juan declaró que la acción había prescrito y dijo:

"Hay una sola cuestión a resolver:

"Que habiendo sido suscrito a favor del demandante o a su orden el pagaré cuyo cobro es objeto de la presente acción, debemos aplicar las disposiciones del Código de Comercio o las de la legislación civil vigente.

"Si aplicamos las primeras, tendremos que desestimar la acción por haber prescrito la misma, ya que el pagaré está vencido desde el día 20 de abril de 1915. Para rebatir la alegación de prescripción hecha por la demandada, el abogado del demandante sostiene en su alegato que el Código de Comercio sólo crea una presunción en cuanto a su carácter mercantil a favor de los pagarés o vales suscritos a su orden, pero que habiendo derivado el pagaré de acuerdo con las alegaciones de la demandada en la presentación de una simple operación de préstamo que llevaron a cabo el demandante con la demandada, esta presunción puede considerarse destruída.

"No estamos conformes con esta opinión y por el contrario creemos que el hecho de que el pagaré fuese suscrito para reconocer un préstamo hecho por el demandante a la demandada, no le priva de su carácter mercantil, siendo el mismo préstamo así convenido una operación que, de acuerdo con las disposiciones del Código de Comercio y la opinión del Tribunal Supremo en el caso de *Hernández* vs. *Muñiz,* 10 D.P.R. 17, debe presumirse como un acto mercantil salvo prueba en contrario.

"El demandante no ha presentado prueba alguna para destruir esta presunción y ha confiado únicamente en su alegación ya mencionada de que el pagaré procede de un simple préstamo. No consideramos que esto sea suficiente. La generalidad de los pagarés suscritos a la orden son simples formalidades de operaciones de préstamo, por lo que siguiendo el razonamiento del abogado del demandante, llegaríamos a destruir casi por completo la presunción que a favor de dichas obligaciones ha creado el Código de Comercio destruyendo aquellas que tuviesen su origen en operaciones de esa naturaleza."

[1] Cierta apelación se ha hecho a nosotros por el fundamento de que la prescripción de las acciones es una de-

fensa que generalmente no es favorecida por las cortes. Este no es enteramente el criterio moderno, como se verá de la siguiente cita:

"Aunque el estatuto de prescripción ha sido considerado por algunas de las más antiguas decisiones y algunos casos relativamente recientes como una defensa irrazonable y deshonrosa, la actitud de las cortes generalmente ha sido desde hace mucho tiempo considerar tales estatutos en sentido favorable, o por lo menos como defensas honrosas y legítimas, por estar fundados en una sana política, y ser beneficiosos en sus efectos, y por tanto puede establecerse como regla general que merecen recibir, si no una interpretación liberal, por lo menos una razonable en pro de su objeto manifiesto, aunque se dice que las cortes no son adictas en prestar su ayuda a una defensa como ésta. Así, pues, en la interpretación de un estatuto de prescripción las palabras generales han de tener una aplicación general y el estatuto no ha de estar sujeto a excepciones judiciales que surjan de una supuesta equidad—en otras palabras, las cortes no pueden insertar en el estatuto excepciones o calificaciones que no están claramente expresadas en el propio estatuto o establecidas por autoridad judicial. Por otra parte, es un principio muy conocido que un estatuto de prescripción no debe ser aplicado a casos que no están claramente dentro de sus disposiciones; no debe ser ampliado mediante interpretación. Y el lapso de tiempo no impedirá (*bar*) una acción fundada en un derecho de acción conferido por el estatuto que es incompatible con el estatuto de prescripción." 37 C.J. 689, No. 9.

La anterior actitud de las cortes surge tal vez al controvertirse el hecho de la prescripción, o aun quizá cuando la cuestión de derecho próximamente hace que prescriba la acción. La prescripción aquí es únicamente el resultado indirecto de declarar mercantil este documento. En general, si un documento es mercantil o nó, afectaría a otros derechos substanciales, a la cuestión de quiénes son partes necesarias y a la negociabilidad del documento. En la ley común de Inglaterra se presenta un caso análogo. Un derecho de acción cedido en términos generales hacía necesario que el pleito se estableciera a nombre del cedente para el uso del cesionario y prácticamente permitía todas las defensas que

podían utilizarse contra dicho cedente.   Un pagaré negociable en la mayoría de los casos eliminaba estas defensas. La misma situación surge bajo nuestro propio Código de Comercio.

[2, 3] Los artículos 2 y 532 del Código de Comercio prescriben lo siguiente:

"Art. 2.—Los actos de comercio, sean o nó comerciantes los que los ejecuten, y estén o nó especificados en este Código, se regirán por las disposiciones contenidas en él; y en su defecto, por los usos del comercio observados generalmente en cada plaza, y a falta de ambas reglas, por las del derecho común.

"Serán reputados actos de comercio los comprendidos en este Código, y cualesquiera otros de naturaleza análoga."

"Art. 532.—Las libranzas a la orden entre comerciantes y los vales o pagarés también a la orden, que procedan de operaciones de comercio, producirán las mismas obligaciones y efectos que las letras de cambio, excepto en la aceptación, que es privativa de éstas.

"Los vales o pagarés que no estén expedidos a la orden, se reputarán simples promesas de pago, sujetas al derecho común o al mercantil, según su naturaleza, salvo lo dispuesto en el título siguiente."

Podemos francamente aceptar que en ninguna parte de uno u otro de estos artículos se dice que todos los pagarés expedidos a la orden del librado (*payee*) se presumen mercantiles.   Directamente el artículo 532 sólo da a los pagarés los mismos efectos que a las letras de cambio cuando los primeros surgen de operaciones de comercio.   El artículo 532, sin embargo, en su párrafo primero, con ciertas excepciones, está colocando todos los pagarés con las letras de cambio.   Es del párrafo segundo de donde puede hacerse la inferencia de que la Legislatura entiende que los pagarés que no son expedidos a la orden no se reputarían comerciales, y que su intención es que los pagarés expedidos a la orden en realidad deben considerarse comerciales.   El párrafo segundo puede clasificarse como un caso de *expressio unius est exclusio alterius.*   Inferimos del artículo 532 sólo cuál fué la intención de la legislatura.

El artículo 2 da a los comerciantes y por tanto a las cor-

tes, aún mayor alcance. Las operaciones comerciales no están limitadas a los actos especificados en el Código de Comercio. Cualesquiera otras de naturaleza semejante, o las que así se convierten por la costumbre general caen dentro de la clase. Un pagaré expedido a la orden puede decirse que se considera universalmente como una operación comercial, y por la costumbre de todas partes. En el artículo 532 la legislatura a lo más estaba conservando los derechos de las partes para indicar que un documento no era comercial. El artículo 1138 del Código Civil muestra aún más la intención general de la legislatura, a saber:

"Art. 1138.—El pago de las deudas de dinero deberá hacerse en la especie pactada, y no siendo posible entregar la especie, en la moneda de plata u oro que tenga curso legal en Puerto Rico.

"La entrega de pagarés a la orden, o letras de cambio u otros documentos mercantiles, sólo producirá los efectos del pago cuando hubiesen sido realizados, o cuando por culpa del acreedor se hubiesen perjudicado.

"Entretanto la acción derivada de la obligación primitiva quedará en suspenso."

La legislatura expresó que los pagarés a la orden caen dentro de las operaciones comerciales.

Esta corte hasta ahora ha sostenido uniformemente que un pagaré expedido a la orden tiene un carácter comercial. *Hernández* v. *Muñiz,* 10 D.P.R. 17; *Rosaly* v. *Alvarado,* 17 D.P.R. 109; *J. Ochoa & Hnos.* v. *Herederos de Lanza,* 17 D.P.R. 420; *Vázquez* v. *Laíno,* 23 D.P.R. 235; *Román* v. *Martínez,* 25 D.P.R. 654; *Fernández* v. *Ruiz Soler,* 27 D.P.R. 80, y *Vázquez* v. *Freiría,* 27 D.P.R. 836. Sostener otra cosa sería intervenir con la regla de *stare decisis* o algo así, aún suponiendo que estuviéramos de algún modo dispuestos de un primer examen a dar una interpretación diferente al estatuto. La sentencia de la Corte Suprema de España de 1904 y las decisiones de Filipinas, deban o nó ser distinguidas, no pueden variar la regla firmemente establecida por

nosotros y con la cual estamos todavía completamente en armonía.

Sin embargo, el razonamiento principal del apelante es que se demostró claramente que la transacción procedía de un préstamo, y que sólo en un caso excepcional podía considerarse comercial un préstamo. Los casos en que los préstamos son comerciales son limitados, según el apelante. El carácter presuntivo de ser comercial un pagaré librado a la orden es universal y aplicable a todos los pagarés. El método de Euler es de aplicación:

El círculo "A" representa el campo de las operaciones comerciales. El círculo "B" el de los préstamos, y "C" aquella parte del territorio común a ambos. Dada la universalidad de una presunción, el apelante debe probar que el préstamo cae en aquella parte de "B" que no está incluída en "C." No importa lo pequeña que pueda ser "C," un préstamo puede caer dentro de ella y no está excluído del campo comercial. Cuando existe una presunción, la persona que trata de destruirla debe excluir toda posibilidad. Las probabilidades no pueden servirle.

El artículo 311 del Código de Comercio prescribe lo siguiente:

"Art. 311.—Se reputará mercantil el préstamo, concurriendo las circunstancias siguientes:

"1ª. Si alguno de los contratantes fuere comerciante.

"2ª. Si las cosas prestadas se destinaren a actos de comercio."

Si una persona toma dinero a préstamo y suscribe un pagaré a la orden, surge la cuestión de si no está ella ex-

presamente comprendida en el párrafo 2. Si se da un pagaré a la orden el que lo expide puede decirse que ha convertido un simple préstamo en una operación mercantil. En ese caso los pagarés a la orden quedarían comprendidos enteramente en el campo de las operaciones mercantiles. En verdad que dada la tendencia general de los estatutos citados, nos inclinamos al parecer de que en Puerto Rico dar un pagaré expedido a la orden constituye por sí una operación mercantil.

De todos modos, la obligación de probar lo contrario no desaparece porque se demuestre que los préstamos general o frecuentemente no están dotados de un carácter mercantil.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Hutchison disintió.