M. Gómez & Co., S. en C., demandante y apelada, *v.* Arturo Guerra, demandado y apelante.

No. 5018.—*Sometido:* Abril 25, 1930. *Resuelto:* Noviembre 20, 1931.

*Guerra-Mondragón & Soldevila,* abogados del apelante; *M. Acosta Velarde,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Don Arturo Guerra apeló la sentencia que lo condena a pagar a la sociedad M. Gómez & Ca., S. en C., una deuda reconocida solidariamente por él y otras personas a favor de dicha mercantil, constante en un pagaré suscrito a la orden de la demandante.

Para sostener su recurso alega el apelante que fué error de la corte inferior no declarar que la acción ejercitada está prescrita y al estimar que un pagaré anterior fué una simple garantía de pago, así como que de la evidencia no consta transacción mercantil alguna, por lo que no declaró con lugar la prescripción trienal aplicable a pagarés mercantiles. Esos tres motivos de error pueden ser considerados conjuntamente por estar íntimamente relacionados, ya que se refieren a la prescripción de la acción ejercitada.

■■ Existió en esta ciudad la sociedad mercantil Sucesores de S. M. Woodson, compuesta por los socios don Manuel Gómez y don Antonio Blanco Pérez. El último falleció y entonces el Sr. Gómez formó la sociedad demandante. A instancia del apelante y de otras personas que manifestaron al Sr. Gómez estar garantizando deudas del Sr. Blanco en los bancos, los que apremiaban el cobro, aquél consintió en entregarles y les entregó en calidad devolutiva la cantidad que al Sr. Blanco correspondía hasta entonces en la liquidación de S. M. Woodson, y al efecto en 1917 don Arturo Guerra y cuatro personas más reconocieron deber solidariamente a don Manuel Gómez cierta cantidad de dinero que se comprometieron a devolverle sin intereses a la presentación de dicho documento. Una persona fué declarada judicialmente hijo natural reconocido y único heredero de don Antonio Blanco. A ese heredero fué embargado lo que a su padre correspondía en la liquidación de S. M. Woodson. Reclamó don Manuel

Gómez el pago de la obligación solidaria que hemos dicho, pero no le fué satisfecha; y como no era negociable por estar extendida a su favor fué convenido substituir aquella obligación por otra que pudiera ser descontada en los bancos y se otorgó otro pagaré en 8 de febrero de 1921 en el que don Arturo Guerra y dos de los anteriores suscribientes reconocieron deber solidariamente a M. Gómez & Ca. o a su orden la cantidad del anterior pagaré, la que se comprometieron a devolverle tres meses después con intereses en caso de mora. Ese pagaré fué entregado a un banco al que fué abonada parte de la deuda, y no habiendo sido satisfecho el resto lo devolvió a la mercantil M. Gómez y Ca., la que en 1926 presentó demanda contra don Arturo Guerra para que la Corte de Distrito de San Juan lo condenase al pago.

La obligación constante en el primer documento no era mercantil. No fué un préstamo comercial hecho por Gómez a los firmantes, sino una garantía o comprobante de haber entregado en calidad devolutiva el capital que correspondía a Blanco en la liquidación de la sociedad de que formó parte. El segundo documento está extendido a la orden y por esto tiene la presunción de ser mercantil de acuerdo con el artículo 532 del Código de Comercio, pero los hechos que aparecen de la prueba destruyen esa presunción porque fué una substitución del documento precedente, el que no siendo mercantil, como hemos dicho, no convirtió en comercial el último documento. En el caso de *Pierluisi* v. *Monllor,* 42 D.P.R. 7, hemos citado con aprobación la sentencia del Tribunal Supremo de España de 25 de noviembre de 1928 según la cual el carácter mercantil de los pagarés a la orden no se determina por la mera cualidad de ser comerciantes las partes que en ellos se relacionan como librador, endosante o tenedor, sino por la circunstancia esencial de proceder de operaciones mercantiles; y después de un detenido estudio de la cuestión y del caso de *Barros* v. *Padial,* 35 D.P.R. 258, hemos llegado definitivamente a la conclusión de que el hecho de firmarse un pagaré a la orden no convierte un simple préstamo en mercantil ni

constituye por sí una operación de comercio, porque nuestro estatuto dice que son mercantiles los que proceden de operaciones de comercio. ■ Por consiguiente, apareciendo demostrado que el dinero reclamado no fué entregado por lucro, el pagaré cuyo importe se cobra no es mercantil, por lo que no es aplicable el término de tres años de prescripción que señala el artículo 950 del Código de Comercio sino el de quince años establecido por el artículo 1865 del Código Civil en relación con el 943 del Código de Comercio.

*La sentencia apelada debe ser confirmada.*