Antonio Monroig Obrador, demandante y apelado, *v.* Agustina Monroig Obrador, demandada y apelante.

Núm. 7364.—*Sometido:* Enero 14, 1938. *Resuelto:* Julio 13, 1938.

R. *Cuevas Zequeira,* abogado de la apelante; V. M. *Sánchez Fernández,* abogado del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

En 18 de octubre, 1931, Josefa C. Viuda de Monroig suscribió un pagaré a la orden de su hijo, Antonio Monroig, por la suma de $9,772.93. La viuda de Monroig murió el 12 de abril de 1932 dejando como sus herederos a título universal a Antonio, Agustina y Valentín Monroig y a José A. López Monroig, este último en representación de su madre, Juana Monroig. Todos fueron declarados herederos por la Corte de Distrito de San Juan. Según el apelado, él requirió de

su hermana que le pagase la porción que de los $9,772.93 a ella correspondía, ascendente a $2,443.23 y que ella se negó a pagar dicha suma. Después de haberse declarado sin lugar una excepción previa en la contestación se admitieron los hechos de la demanda con la sola excepción de que se negó que Antonio Monroig jamás hiciera requerimiento de pago alguno a su hermana.

Las defensas de Agustina Monroig Obrador fueron sustancialmente que el pagaré suscrito por su madre a favor de su hermano había sido una mera simulación sin haber jamás existido causa (*consideration*) para el mismo, ya que dicha Josefa O. Viuda de Monroig nunca recibió del demandante ni de ninguna otra persona valor alguno por dicho pagaré y que el referido documento fué siempre considerado absolutamente nulo por las partes.

En el juicio el demandante, Antonio Monroig, que fué el único testigo, declaró entre otras cosas que él le había prestado el dinero a su madre y con esto cerró su caso.

La demandada adujo evidencia tendente a demostrar que las partes convinieron en la partición de la herencia sin haberse jamás mencionado el pagaré objeto de este pleito. Sin embargo, se trajo evidencia durante el juicio, que la corte creyó, al efecto de que Antonio Monroig, en unión de algunos o todos los otros herederos, presentó dicho pagaré como una de las bajas a que estaba afecto el caudal hereditario de la finada madre. Es indiscutible que esto se llevó a cabo, estuviese o no Agustina Monroig Obrador completamente consciente de ello. La declaración del Dr. López Antongiorgi, con las alegaciones originales del demandante, en nuestra opinión, presentaron un caso completo a favor del demandante. La Corte de Distrito de Bayamón dictó sentencia en favor de él.

En apelación se señalan tres errores, a saber:

"1.—La corte de distrito cometió error al declarar sin lugar las excepciones previas de la demanda.

"2.—La corte de distrito cometió error al dictar sentencia declarando con lugar la demanda.

"3.—La corte de distrito cometió error al imponer las costas a la demandada."

██ Uno de los fundamentos de la excepción previa era que el pagaré se presumía mercantil y por lo tanto que la acción había prescrito. En apelación, entre otras cosas, la apelante descansa en el caso de *Barros* v. *Padial,* 35 D.P.R. 258. El apelado contesta diciendo que la prescripción es una cuestión de privilegio personal y fué abandonada por la demandada en su contestación, y además trata de replicar con otros argumentos; que después de un juicio amplio se demostró que el pagaré no era mercantil; que era meramente un préstamo de hijo a madre. Convenimos en que el pagaré no era mercantil y también en que la demanda pudo haber sido enmendada de manera que demostrara el carácter no mercantil del pagaré.

Además de todo esto el señalamiento de error era claramente insuficiente especialmente al no decir que la apelante descansaba en una cuestión de prescripción.

██ El segundo señalamiento de error es también insuficiente y lo discutiremos tan sólo para decir que la corte de distrito estuvo enteramente justificada, por la prueba presentada, en creer que Antonio Monroig le prestó a su madre la cantidad que aparece del pagaré descrito en la demanda y que ella nunca se la pagó.

Es verdad que la madre de los herederos envueltos en este litigio era una mujer acomodada y heredó propiedades, una sola de las cuales valía $200,000, vivió desahogadamente y poseía un automóvil, etc.; que su hijo una vez le llegó a deber $2,000, pero el fin para el cual ella solicitó el préstamo nunca fué revelado y, como dijo su hijo en la silla de los testigos, y muy bien dicho, a una persona pudiente a veces le es muy conveniente el tomar dinero a préstamo. El demandante presentó un caso prima facie, que no encontramos fuera suficientemente controvertido por la demandada.

No hallamos razón adecuada para revocar la concesión de costas hecha por la corte inferior.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor De Jesús no intervino.