JULIA, ILDEFONSO, JOSEFINA, AGUSTÍN, ANA-ANGÉLICA y LUIS CAYERE CALZADA, demandantes y apelantes, *v.* FRANCISCO BUXÓ, demandado y apelado.

Núm. 8722.—*Sometido:* Diciembre 13, 1943. *Resuelto:* Enero 31, 1944.

· *Gladys Lasa,* abogada de los apelantes; *Antonio L. López,* abogado del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La Corte de Distrito de San Juan desestimó la demanda en este caso sobre cobro de un pagaré expedido "a la orden" porque "la presunción de que el pagaré objeto de la acción es mercantil no ha quedado destruída por la prueba" y por tanto declaró con lugar la defensa establecida por el demandado de que la acción estaba prescrita por tratarse de una obligación mercantil que prescribe a los tres años. Los demandantes establecieron el presente recurso y como único error alegan que la corte inferior erró en la apreciación de la prueba y al declarar que el pagaré que dió origen a la presente acción es de carácter mercantil, y que por lo tanto ha prescrito la acción en cobro del mismo.

■ En la demanda enmendada se alegó por los demandantes que ellos eran los herederos declarados de doña Tomasa Calzada Vda. de Cayere y que el demandado otorgó y suscribió el 21 de diciembre de 1925 un pagaré a la orden de dicha señora por la suma de $500 a vencer el 21 de marzo de 1926. En el hecho tercero se alegó que:

"3. El pagaré precedente transcrito no procedió de operación de comercio y en la fecha de su firma y de su tradición a la señora Tomasa Calzada viuda de Cayere ni ésta ni el deudor, Francisco Buxó, eran comerciantes."

Continúan alegando los demandantes que heredaron dicha obligación, la cual obra en su poder; que el demandado no satisfizo a la Sra. Calzada ni ha satisfecho a los demandantes dicha obligación; que el demandado ha sido requerido de pago, por escrito y verbalmente, en distintas fechas que se especifican.

El demandado en su contestación aceptó que otorgó y suscribió el pagaré pero que nunca recibió cantidad alguna pues si firmó dicha obligación fué para complacer al Sr. Luis Rigual, un amigo suyo. La alegación tercera de la demanda la contestó en esta forma:

"III.—Por falta de suficiente información, el demandado niega todo lo relacionado con la señora Tomasa Calzada Vda. de Cayere, que se consigna en el párrafo 3, que así queda contestado."

Negó los demás hechos de la demanda y como defensa especial alegó que la reclamación estaba prescrita.

Lo primero que resalta de las alegaciones anteriores es el hecho de que en cuanto a la alegación tercera de la demanda el demandado se limita a negar todo lo relacionado con la señora Tomasa Calzada Vda. de Cayere. Por tanto, hay que dar por admitido que el pagaré no procedió de una operación de comercio y que el demandado al otorgarlo no era un comerciante.

■■ Pasando a considerar la prueba, somos de opinión que se probó satisfactoriamente con la declaración del tes-

tigo Adolfo García Veve que la señora Calzada no se dedicaba al comercio sino que "Era propietaria de unas cuantas casas aquí y ella residía en Francia, y me nombró a mí apoderado de ella en 1924 ó 1925 antes de irse" (Transcripción de Evidencia, pág. 8) y por la declaración de una de las demandantes que dijo que su madre se "dedicaba a los quehaceres de la casa, doméstica" (Transcripción de Evidencia, pág. 17). Esta prueba no fué contradicha por el demandado y si de su propia declaración aparece que él había vivido toda la vida en el campo (Transcripción de Evidencia, pág. 23) y en su juramento a la contestación hizo constar que era agricultor, tenemos forzosamente que concluir que ninguna de las dos partes contratantes era comerciante cuando se otorgó el pagaré. En cuanto al origen del pagaré el demandado también declaró que había suscrito un pagaré por complacer a un amigo, el Sr. Rigual, Caballero de Colón como él y que luego, al no ser pagado, firmó el pagaré objeto de esta acción; que él aceptó hacerse cargo de la deuda. Quedó demostrado, por tanto, que el pagaré no tuvo un origen mercantil y que el préstamo no se destinó a actos de comercio.

La corte inferior erró al considerar que la presunción de que el pagaré en este caso era mercantil no fué destruída. No creemos necesario analizar de nuevo la jurisprudencia de esta Corte sentada en los casos de *Pierluisi* v. *Monllor,* 42 D.P.R. 7; *Blondet* v. *Garáu,* 47 D.P.R. 863; *Barceló & Co., S. en C.* v. *Olmo,* 48 D.P.R. 247, y *Banco de Puerto Rico, Liquidador,* v. *Rodríguez,* 53 D.P.R. 174—citados por la corte inferior—aclaratoria y limitando el alcance del caso de *Barros* v. *Padial,* 35 D.P.R. 258. En algunos de dichos casos los hechos probados eran más fuerte que en el de autos no para destruir, sino para sostener la presunción, y se resolvió que a pesar de eso se había destruído la presunción. Reafirmamos la doctrina establecida en el caso de *Pierluisi* v. *Monllor,* supra, donde dijimos que se hacía necesario resolver clara y definitivamente las dudas que aparentemente habían

surgido en relación con lo resuelto en el caso de *Barros* v. *Padial*, supra, y después de citar los artículos pertinentes del Código de Comercio y la jurisprudencia del Tribunal Supremo de España, resolvimos a la página 16:

"Por consiguiente, según nuestro Código de Comercio, que en este particular es igual al de España, la jurisprudencia del Tribunal Supremo de dicha nación y la repetida de nuestra Corte Suprema, los pagarés librados a la orden tienen la presunción *juris tantum* de ser mercantiles a menos que se pruebe que no proceden de operaciones comerciales. En consecuencia, el hecho de firmarse un pagaré a la orden no convierte un simple préstamo en mercantil ni constituye por sí una operación de comercio, porque nuestro estatuto dice que son mercantiles los que proceden de operaciones de comercio. También sostienen los comentaristas la misma doctrina. El Sr. Estasen, en su obra 'Jurisprudencia Mercantil,' tomo 2, página 235, dice, según se cita en el alegato de la apelada, que 'los vales y pagarés a que el artículo 532 del Código de Comercio otorga la misma eficacia y efecto que las letras de cambio, no son aquéllos cuyo importe se va a dedicar a operaciones mercantiles, sino los que procedan de operaciones de esta clase'; y en la página 236 agrega: 'El carácter mercantil de los pagarés a la orden no se determina por la mera cualidad de ser comerciantes las personas que en ellos se interesen como librador, endosante, o tenedor, sino por la circunstancia esencial de proceder de operaciones mercantiles'."

Por lo demás, en el caso de autos, se probó con evidencia testifical y documental que los demandantes gestionaron del demandado el cobro del pagaré y que la acreedora original demandó al deudor en el año 1927 aunque no prosiguió su acción. Asimismo se probó que el demandado reconoció por carta de julio 20, 1926 que el pagaré estaba vencido y solicitó del Sr. García Veve, apoderado de la acreedora, una prórroga para pagarlo junto con los intereses. Se demostró, por tanto, que la prescripción de quince años también había sido interrumpida.

*Debe revocarse la sentencia apelada y dictarse otra declarando con lugar la demanda, con costas.*