Herederos de Martínez, Apelados, *v.* Fernández, Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 909.—Resuelto en febrero 21, 1913.

Prescripción—Ambigüedad—Detalles (Bill of Particulars).—Cuando en una demanda se alega que el pagaré en litigio ha sido prorrogado en varias ocasiones durante los años 1907, 1909 y 1911, si la parte demandada desea cono-

cer las fechas precisas de las prórrogas, debe solicitar una relación detallada (*bill of particulars*). No es error perjudicial el declarar sin lugar una excepción previa a la demanda por ambigüedad, fundada en la falta de expresión de dichas fechas.

ID.—INTERRUPCIÓN DE LA PRESCRIPCIÓN—PROMESA ESCRITA.—Aun en el supuesto de que el artículo 48 del Código de Enjuiciamiento Civil sea aplicable a toda clase de interrupción de prescripción, no contiene precepto alguno que exija a un demandante que alegue en la demanda que la promesa de un contrato nuevo fué hecha por escrito. Un pagaré puede ser renovado por pagos parciales, y por tanto, la promesa no es elemento indispensable para interrumpir la prescripción.

ID.—OBJECIONES—RENUNCIA—PRUEBAS.—No habiendo el demandado hecho objeción alguna a la prueba testifical presentada por el demandante para probar las promesas verbales sobre prórroga del pagaré en litigio, se presume que renunció al derecho que pudiera tener de acuerdo con el artículo 42 del Código de Enjuiciamiento Civil, a que dichas promesas constaran por escrito.

ALEGACIÓN—ENMIENDAS—ALEGATO DEL APELANTE—ERRORES NO ESPECIFICADOS.—No constituye un defecto de carácter jurisdiccional, el permitir la corte sentenciadora que se haga una enmienda sin jurar, a una demanda jurada. No habiendo el apelante alegado este error en su alegato, se entiende renunciado de acuerdo con las reglas 42 y 43 de esta corte.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José Sabater y José G. Torres.*

La parte apelada no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del Tribunal.

Presentada en este caso una demanda contra el apelante en cobro de un pagaré que venció el día 30 de diciembre de 1906, el demandado formuló excepción previa a dicha demanda por el fundamento de que la acción había prescrito. La corte de distrito ante la cual se celebró el juicio *de novo* en apelación, declaró con lugar la referida excepción y permitió al demandante que enmendara su demanda en dicho acto, lo que hizo en los términos siguientes: ''que el pagaré que se copia en el hecho primero de esta demanda ha sido prorrogado o renovado por los demandantes en varias ocasiones durante los años 1907, 1909 y 1911, con la anuencia y por súplicas del demandado.''

Concedida la enmienda, el demandado formuló una excepción previa fundándose en que la demanda era ambigua, ininteligible y dudosa, y no aducía hechos suficientes para deter-

minar una causa de acción, por no alegarse en dicha enmienda que la interrupción de la prescripción se hiciera por escrito de acuerdo con el artículo 48 del Código de Enjuiciamiento Civil.   La Corte de Distrito declaró sin lugar la excepción y el apelante alega que se cometió error.

En cuanto a la ambigüedad que ha sido alegada, el apelante sostiene que nadie puede determinar en qué día, mes o año tuvieron lugar dichas renovaciones.   Tal vez la corte debió haber exigido al demandante que fuera un poco más preciso y si al no proceder así se cometió algún error, éste no era perjudicial, puesto que el demandado ciertamente tuvo conocimiento de que en varias ocasiones antes de que venciera el término de la prescripción, dicho demandado había renovado o prorrogado su pagaré y si era importante para él conocer las fechas precisas, pudo haber solicitado que se le hiciera un *bill of particulars.*

Y con respecto a la alegación que se ha hecho de que la demanda no expresaba que la nueva promesa se hizo por escrito, se hace difícil determinar a qué causas de acción o clases de prescripción hace referencia el artículo 48 del Código de Enjuiciamiento Civil.   Dicho artículo es como sigue:

"Artículo 48.—Ningún consentimiento o promesa de un contrato nuevo, o de la continuación de uno ya hecho, será prueba suficiente para que el caso quede fuera de las disposiciones de este título, a menos que así conste por escrito, bajo la firma de la parte en contra de la cual haya de utilizarse."

El título se refiere principalmente a ciertas incapacidades sin que nada se disponga en el mismo acerca de determinadas acciones o términos de prescripción.   Sin embargo, admitiendo que el artículo 48 hace referencia a todos los términos de prescripción, el código no contiene ninguna disposición que exija al demandante que alega una nueva promesa, que pruebe que la misma se hizo por escrito.

En los diferentes Estados de la Unión se exige que la prueba de ciertos contratos se presente por escrito, pero no

es necesario determinar en una alegación que el demandado contrató por escrito. Además un contrato puede ser renovado mediante pagos parciales y la promesa no es la única cosa indispensable para interrumpir el término de la prescripción.

Se dió comienzo al juicio y llegó el momento oportuno al demandado de acudir a las disposiciones del artículo 48, en el caso de que fuera aplicable, al presentar los demandantes su prueba testifical acerca de las promesas verbales. El demandado no hizo objeción alguna durante el juicio, habiendo por consiguiente, renunciado a cualquiera objeción que hubiera podido hacerse con respecto a la omisión de probar una nueva promesa por escrito. *Falero v. Falero et al.,* 15 D. P. R., 118; 38 Cyc., 1393, 1395, Juicio; 20 Cyc., 320, Estatuto sobre Fraudes.

El demandado formuló su contestación alegando haber verificado el pago. La corte de distrito tomó en consideración la prueba y resolvió que solamente se habían satisfecho unos sesenta dólares, dictando sentencia por el saldo, sin que se haya alegado ningún error.

El abogado del apelante alegó oralmente ante este tribunal que la corte de distrito no debió haber permitido que se presentara una enmienda sin estar jurada. Pero como éste no era un defecto jurisdiccional, no habiéndose promovido ante la corte inferior, debe considerarse que se renunció a ella especialmente por no haber sido alegada como un fundamento de error, según lo exigen las reglas 42 y 43 de esta corte. Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.