ROMÁN, DEMANDANTE Y APELANTE, *v.* MARTÍNEZ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Arecibo en pleito sobre cobro de dinero.

No. 1663.—Resuelto en julio 24, 1917.

PAGARÉS A LA ORDEN—DOCUMENTOS NEGOCIABLES—ENDOSOS—ABONOS ANTES DEL VENCIMIENTO.—Cuando el demandante es un tenedor de buena fe mediante endoso por valor recibido de un pagaré a la orden adquirido antes de su vencimiento, sin que hubiera tenido conocimiento de abonos hechos por el deudor al primitivo acreedor antes de que venciera, tiene derecho a recobrar la cantidad total del mismo, con los intereses estipulados, porque estando a la orden es un documento negociable mediante endoso, sin necesidad de poner el traspaso en conocimiento del deudor. El hecho de que al pie del pagaré fué que el deudor expresó que era a la orden no es de importancia.

ID.—ID.—CRÉDITOS MERCANTILES.—El resultado de extender un pagaré a la orden es hacerlo negociable sin necesidad de poner en conocimiento del deudor los traspasos o endosos que de él se hagan, porque este requisito sólo se exige en los créditos mercantiles no endosables ni al portador según el artículo 347 del Código de Comercio.

ID.—ID.—ACTOS MERCANTILES—ADQUISICIÓN DE BUENA FE.—Reputándose acto mercantil un pagaré por estar extendido a la orden y con los requisitos determinados en el artículo 531 del Código de Comercio, le son aplicables las disposiciones de dicho código de acuerdo con el primer apartado del artículo

2 y no las del Código Civil, aunque se probara que no procedía de operación de comercio, pues tal prueba, buena entre las partes contratantes del documento para destruir la presunción de ser comercial el pagaré, no puede deducirse contra el que de buena fe compra el documento que por sus términos es comercial.

ID.—PAGOS AL TENEDOR ORIGINAL.—La persona que suscribe un pagaré negociable, no tiene derecho de asumir que no ha sido endosado o transferido y haciendo el deudor pagos de él al tenedor original, antes de que venza, destruiría los derechos de un comprador de buena fe. Es el deber del que paga documentos negociables antes de su vencimiento tomar precauciones para impedir que circule y si paga a uno que no es el dueño del pagaré en el momento del pago y solamente toma un recibo de dicho pago no estará protegido por el pago contra el verdadero poseedor del documento; y aunque pague antes de ser transferido tampoco estará protegido por esa forma de pago porque el documento quedará íntegro por la deuda y lo deja en condiciones de circular y ser adquirido de buena fe por toda ella.

ID.—ABONOS O PAGOS PARCIALES.—Los abonos o pagos parciales de un documento deben hacerse constar en el mismo pagaré para que el que lo adquiera sepa a cuánto está reducido.

ID.—DEFENSA DE PAGO.—No es injusto el denegar la defensa de pago hecho antes del vencimiento de un pagaré a la orden que ha sido endosado porque si bien puede ocurrir que el acreedor transfiera el documento en combinación con otra persona para que ésta reclame lo ya pagado, también puede suceder que el deudor se combine con el acreedor para simular pagos que no han existido.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. R. Agrait Aldea* y *Herminio Miranda.*

El apelado no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Remigio Martínez suscribió en 8 de febrero de 1913 un pagaré a la orden de Benito Machado por $3,000 que confesó haber recibido y se comprometió a pagar el 10 de febrero de 1915 con intereses al uno por ciento mensual pagaderos por mensualidades vencidas. En el documento se hizo constar que si a ambas partes les conviniera reformarían el pagaré a su vencimiento por mayor plazo.

Antes del vencimiento de la obligación el deudor Martínez pagó a su acreedor Machado a cuenta del pagaré, mediante recibos y sin hacer constar los abonos al dorso del documento, las siguientes cantidades: $112 en octubre 18 de 1913;

$910 en mayo de 1914; $180 en noviembre 7 del mismo año y $1,105 en marzo 2 de 1915. En total $2,307.

Vencido el documento, Manuel Román demandó a Remigio Martínez en 19 de abril de 1915 para el pago de los $3,000 de dicho pagaré y de sus intereses, alegando que le había sido endosado por Machado en 31 de diciembre de 1914; el demandado expuso como defensas los expresados pagos hechos por él a Machado, que dejaban reducido su débito a $693, y que el demandante se había combinado con su acreedor Machado para defraudarle en los $2,307 que había pagado a cuenta de esa obligación. Celebrado el juicio la corte inferior dictó sentencia condenando al demandado a satisfacer al demandante solamente $693 con sus intereses al uno por ciento mensual convenidos, contra la cual interpuso el demandante el presente recurso de apelación alegando como fundamento de él que la corte sentenciadora cometió error al no declarar con lugar la demanda en cuanto a toda la cantidad reclamada y sus intereses, desconociendo los derechos del demandante Román, como cesionario de un pagaré a la orden, traspasado de buena fe por valor recibido, antes de su vencimiento.

El demandante presentó en el juicio el pagaré con el endoso fechado en 31 de diciembre de 1914 y, como testigo del demandado, declaró que el documento le fué endosado en la expresada fecha por compra que de él hizo a Benito Machado por la cantidad de $2,700, pues le rebajó $300, los que le pagó con $200 que le debía Machado y entregándole los $2,500 restantes en efectivo y billetes. También declaró que cuando hizo la compra no sabía que el deudor hubiera hecho pago alguno a cuenta de esa obligación y que el demandado nada le ha pagado a él.

Creemos que esta declaración es bastante para probar esos extremos, toda vez que no está contradicha ni resulta nada del resto de la prueba que pueda quitarle credibilidad, aunque no haya declarado el endosante del documento.

La defensa del demandado respecto a combinación entre

el demandante y su endosante para defraudarle en $2,307 que había pagado no fué probada y así lo declara el juez inferior en la opinión que escribió para fundamentar su sentencia.

Siendo por tanto el demandante un tenedor de buena fe del documento adquirido antes de su vencimiento, y no habiendo tenido conocimiento de los pagos que su deudor hizo al primitivo acreedor antes de que venciera la obligación, ¿tiene derecho el demandante a recobrar la cantidad total del pagaré con los intereses estipulados? Tal es la cuestión propuesta por el apelante y que tenemos que resolver.

El pagaré cuyo pago se reclama está extendido a la orden de Benito Machado. El hecho de que al pie del documento fué que el deudor expresó que era a la orden, no tiene importancia. Por estar extendido a la orden es que dicho documento es negociable mediante endoso sin necesidad de poner el traspaso en conocimiento del deudor. Serán reputados actos de comercio, dice el artículo 2 del Código de Comercio, los comprendidos en él y cualquiera otros de naturaleza análoga; el artículo 531 menciona los requisitos que deberán contener las libranzas, vales y pagarés a la orden, los que reúne el pagaré que ahora se cobra; el 532 dispone que las libranzas a la orden entre comerciantes, y los vales o pagarés también a la orden, que procedan de operaciones de comercio, producirán las mismas obligaciones y efectos que las letras de cambio, excepto en la aceptación que es privativa de éstas, y el artículo 490 que el que pague una letra de cambio antes de que haya vencido, no quedará libre de satisfacer su importe, si resultare no haber pagado a persona legítima.

En el caso de *Vázquez* v. *Laíno*, 23 D. P. R. 235, hemos dicho que se presume que los pagarés a la orden son documentos mercantiles, que surgen de operaciones de comercio, salvo prueba en contrario; y en el de *Hernández* v. *Muñiz*, 10 D. R. P. 19, declaró este tribunal que el pagaré a la orden es un documento mercantil, de acuerdo con el Código de Co-

mercio rigiéndose por sus disposiciones, y se hizo referencia
a la sentencia del Tribunal Supremo de España de 25 de
enero de 1898 en la que se consigna que los pagarés a la or-
den y sus endosos deben reputarse actos mercantiles de
acuerdo con el artículo 2 del Código de Comercio, por ser
de los expresamente definidos en ese cuerpo legal.

El resultado de extender un pagaré a la orden es hacerlo
negociable sin necesidad de poner en conocimiento del deu-
dor los traspasos o endosos que de él se hagan porque este
requisito sólo se exige en los créditos mercantiles no endo-
sables ni al portador según el artículo 347 del mismo código.

Reputándose en este caso mercantil el pagaré por estar
extendido a la orden y con los requisitos determinados en
el artículo 531, extremo éste que no se discute, le son aplica-
bles las disposiciones del Código de Comercio de acuerdo con
el primer apartado del artículo 2, y no las del Código Civil,
como erróneamente hizo la corte inferior, aunque se probara
que no procedía de operación de comercio, extremo que no
se probó ni que Benito Machado no fuera comerciante, pues
tal prueba, buena entre las partes contratantes del documento
para destruir la presunción de ser comercial el pagaré, no
puede aducirse contra el que de buena fe compra un docu-
mento que por sus términos es comercial.

Es cierto que el demandado presentó recibos de varios
pagos hechos a Benito Machado, su primitivo acreedor, an-
tes de que venciera el pagaré, pero fueron admitidos contra
la objeción del demandante. El deudor no podía probar con
tales recibos contra un tenedor de buena fe del documento
que su deuda había quedado reducida a $693. Su obligación
era la de pagar $3,000 el día 10 de febrero de 1915 y como
no tenía derecho ni obligación de pagarla antes de esa fecha,
el que compró de buena fe el documento tenía derecho a creer
que la deuda no estaba pagada en todo ni en parte. La per-
sona que suscribe un pagaré negociable no tiene derecho de
asumir que no ha sido endosado o transferido y haciendo
el deudor pagos de él al tenedor original, antes de que venza,

destruiría los derechos de un comprador de buena fe. Es el deber del que paga documentos negociables antes de su vencimiento tomar precauciones para impedir que circule y si paga a uno que no es el dueño del pagaré en el momento del pago y solamente toma un recibo de dicho pago no estará protegido por el pago contra el verdadero poseedor del documento; y aunque pague antes de ser transferido tampoco estará protegido por esa forma de pago porque el documento quedará íntegro por la deuda y lo deja en condiciones de circular y ser adquirido de buena fe por toda ella. Los abonos o pagos parciales de un documento deben hacerse constar en el mismo pagaré para que el que lo adquiera sepa a cuánto está reducido. En el caso de *Mobley* v. *Ryan,* 14 Ill. 51, 56 Am. Dec. 490, se dijo: "El endosatario no queda afectado por cualquiera negociación entre las partes que intervinieron en el pagaré. No tiene que dar aviso del endoso al deudor. Este es quien debe asegurarse de quién es el tenedor del documento y hacer el pago bien. Puede protegerse contra una reclamación del acreedor rehusando pagar si no se le presenta el documento. Si sigue este camino no tendrá dificultades. El pago en cuestión fué hecho de una manera impropia y debe sufrir las consecuencias de sus actos." En la nota de este caso se cita el de *Harrison* v. *Edwards,* 36 Am. Dec. 364.

No es injusto, aunque lo parezca, el no permitir las defensas de pago hechas antes del vencimiento porque si bien puede ocurrir que el acreedor transfiera el documento en combinación con otra persona para que ésta reclame lo ya pagado, lo que en este caso no se ha probado, también puede suceder que el deudor se combine con el acreedor para simular pagos que no han existido. Si ha de pagar lo ya satisfecho será consecuencia de no hacer constar los pagos en el documento, que por ser comercial circulará de mano en mano sin constancia de pago, y de confiar en la honradez y en la responsabilidad del acreedor que recibió los pagos.

La sentencia apelada debe ser revocada y dictarse otra

condenando al demandado a pagar los $3,000 consignados en su pagaré más los intereses convenidos al uno por ciento mensual desde el 31 de diciembre de 1914, sin especial con-denación de costas.

> *Revocada la sentencia apelada y dictada otra*
> *condenando al demandado al pago ̊de los*
> *$3,000 consignados en su pagaré e intereses,*
> *sin especial condenación de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-ciados Wolf, del Toro y Hutchison.