Sucesión de Francisco María Franceschi, Etc., demandante y apelante, *v.* José Pilar González, demandado y apelado.

No. 5168.—*Sometido:* Mayo 8, 1931. *Resuelto:* Diciembre 18, 1931.

*F. Parra Capó* y *López de Tord & Zayas Pizarro,* abogados de los apelantes; *E. Ramos Antonini,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Las cuestiones principales a discutir en esta opinión se refieren a la prescripción de las acciones permitida o provista por el artículo 950 del Código de Comercio. De conformidad con ese artículo un pagaré librado a la orden de una persona prescribe a los tres años. Necesariamente, la transacción envuelta debe ser mercantil. De igual modo, es jurisprudencia establecida que un pagaré a la orden de una persona se presume mercantil. *Barros* v. *Padial,* 35 D.P.R. 258; *Pierluisi* v. *Monllor,* ante pág. 7, y casos allí citados.

¿Fué la defensa de prescripción debidamente suscitada en este caso? Originalmente se radicó una demanda en la cual se mencionaban cinco pagarés. La demandante, a fin de alegar una causa de acción pero aparentemente anticipando una defensa de prescripción mediante excepción previa, alegó en la demanda que los dueños y tenedores originales de los pagarés no eran comerciantes y que la causa para el libramiento de los pagarés no surgió de transacciones mercantiles. La excepción presentada por el de-

mandado fué declarada sin lugar. Entonces éste contestó pero no planteó en su contestación la defensa de prescripción.

Posteriormente la demandante sostuvo, y la Corte de Distrito de Ponce así lo resolvió, que el demandado renunció a la defensa de prescripción. Convenimos con la apelante en que aun si el demandado excepciona fundándose en la prescripción, a pesar de ello debe suscitar la defensa específicamente en su contestación. Teniendo en cuenta tan sólo la demanda y fundándose especialmente en la presunción de la naturaleza mercantil de un pagaré negociable, un demandado podría con éxito presentar una excepción previa y sin embargo abandonar esa defensa para los fines del juicio. El demandado puede saber que la obligación es puramente civil e intentar basarse en otras defensas durante el juicio. Si desea plantear la cuestión de prescripción, el demandante por regla general debe ser informado de ello por la contestación. La excepción puede ser interpuesta para obligar al demandante a enmendar la demanda en forma tal que alegue los hechos que destruirían la presunción mercantil de los pagarés, o con otros fines. Una excepción previa declarada sin lugar no puede ayudar a la contestación. Creemos que estos principios son obvios y de ahí que no citemos autoridades. Emanan necesariamente de la idea fundamental del derecho adjetivo. *Audi alteram partem.* La parte contraria debe saber la defensa en que se descansa y tener oportunidad de defenderse. Decimos todo esto con la reserva de que el apelado sostiene que la prescripción bajo el Código de Comercio no es un mero privilegio capaz de ser renunciado, sino que a diferencia del estatuto de prescripción (*statute of limitations*) de California y de los códigos de Puerto Rico, la acción sobre un pagaré de naturaleza mercantil expira *proprio motu* una vez transcurrido el período prescriptivo.

Decidir este punto definitivamente sería a nuestro juicio variar la teoría de la corte sentenciadora. Aunque quizá si el apelado está en lo cierto la decisión de la corte inferior

tal vez estaría enteramente justificada, sin embargo, un examen de los autos no revela que se llamara claramente la atención de la corte a este extremo. Toda vez que confirmaremos la sentencia por otros fundamentos, creemos innecesario considerar la naturaleza especial de la prescripción bajo el Código de Comercio. Puede que sea o no similar a la prescripción de los casos de hijos naturales esbozada en el caso de *Ciuró* v. *Ciuró,* 31 D.P.R. 728, y otros.

Después de radicar su alegación original, el demandado hizo repetidas tentativas, tanto antes como durante el juicio, de enmendar su contestación, presentando otra en que se aducía específicamente la prescripción. La corte con igual persistencia rehusó permitir la enmienda. La teoría de la corte inferior fué en parte, por lo menos, que el demandado había obtenido prórroga tras prórroga para archivar la contestación y sin embargo no había suscitado la defensa de prescripción. La corte aparentemente negó que tuviera derecho a hacer uso de discreción bajo el artículo 140 del Código de Enjuiciamiento Civil, pero creyó que aun teniendo tal discreción no debía ejercerla. Un demandante no adquiere derechos permanentes por no haberse promovido la defensa de prescripción en la contestación original El privilegio de enmendar las contestaciones, al igual que las demandas, está cuidadosamente amparado por los artículos 139 y 140 del Código de Enjuiciamiento Civil. Creemos que la corte estaba equivocada, y los procedimientos posteriores tienden a confirmar este criterio. La defensa de prescripción o del estatuto de limitaciones, al ser presentada debidamente antes de terminar el juicio, si no es una sorpresa total para la parte demandante, debe ser tolerada. Siempre podría concederse tiempo al demandante para hacer frente a esa defensa. Según indica el apelado, la defensa del estatuto de prescripción no es considerada odiosa, y así lo hemos resuelto.

Según todos sabemos, la demora de un abogado en presentar su contestación no siempre se debe a la dificultad del

procedimiento. Puede que tal abogado tenga su atención ocupada temporalmente con otros asuntos y que meramente posponga de tiempo en tiempo, quizá mas o menos con el consentimiento del abogado de la parte contraria, el archivo de la contestación. La práctica no debe ser alentada, mas la falta de alegar una defensa después de haber tenido la oportunidad de suscitarla, no impide que se aplique el artículo 140 del Código de Enjuiciamiento Civil.

Fué el caso a juicio. Después que la demandante había terminado su prueba, el demandado presentó una moción de *nonsuit*. Luego de varios incidentes y de la radicación de alegatos, la corte finalmente declaró con lugar dicha moción. La corte resolvió que la naturaleza mercantil de los pagarés, o más bien, la presunción de que los pagarés eran mercantiles, no había sido destruída por la prueba de la demandante.

Nos inclinamos más bien al criterio de que ordinariamente la suficiencia de una demanda, o, para ser más específicos, una excepción fundada en prescripción, no podría ser suscitada por medio de una moción de *nonsuit*. El apelado y la corte tienen la idea de que presentándose la defensa de prescripción por excepción previa, se reserva el derecho al demandado de promoverla durante el juicio. Más o menos hemos contestado esta contención al discutir la renuncia de prescripción en casos en que la contestación no repite la defensa después de declararse sin lugar la excepción previa. No obstante, no alteraremos la sentencia por este fundamento.

Tal parece que la demandante trató de anticipar la naturaleza no mercantil de estos pagarés. El demandado hizo repetidos esfuerzos para enmendar su contestación a fin de alegar la prescripción. El juicio fué en gran parte dirigido sobre la teoría de que la defensa de prescripción podía ser suscitada y la demandante misma voluntariamente adujo prueba tendente a demostrar la naturaleza no mercantil de los pagarés. También, en la teoría de que los pagarés eran

originalmente mercantiles, que había habido una nueva promesa o una renuncia de prescripción.

Los autos nos convencen, además, de que la corte consideró que tenía ante sí una verdadera contienda de prescripción.

La demandante está sujeta al siguiente dilema: O el cuarto párrafo de la demanda que trata de aducir que las partes no eran comerciantes y que los pagarés no surgieron de transacciones mercantiles entre las partes, es superfluo y no significa absolutamente nada, o, de lo contrario, debe tener algún significado. De ser superfluo, entonces dada la presunción de prescripción, el demandado está en lo cierto al sostener que no se adujo causa de acción alguna. Por otra parte, si dicho párrafo, conforme hemos indicado, fué una anticipación de la defensa, entonces no podría haber sorpresa posible durante el juicio y la corte estaba justificada al considerar que la cuestión de prescripción, dadas todas las circunstancias, estaba ante sí. La tentativa de demostrar o no una nueva promesa fué un reconocimiento de la naturaleza mercantil de los pagarés y de su posible prescripción. Nos sentimos obligados a resolver, de acuerdo con el caso de *El Pueblo* v. *Valdés,* 31 D.P.R. 223, y los que le siguieron, que puede considerarse la contestación como enmendada. La demandante no fué sorprendida en forma alguna, y la defensa de prescripción fué la controversia virtual en todos los procedimientos del caso.

Una de las otras cuestiones suscitadas por la apelante fué que los pagarés no tenían naturaleza mercantil, toda vez que de acuerdo con el artículo 531 del Código de Comercio, debía probarse la transacción original, o, en otras palabras, que los pagarés debían revelar que el librador recibió algo de valor por su promesa. Los pagarés sí contenían las palabras "valor recibido", y de conformidad con las autoridades citadas por el apelado, no hay duda de que estas palabras, bajo todas las prácticas mercantiles, cumplen sufi-

cientemente con las disposiciones del estatuto. Artículo 444 del Código de Comercio; 4 Echavarri 379; *Román* v. *Martínez*, 25 D.P.R. 654. Además, no hallamos que esta cuestión fuese planteada en la corte inferior.

Durante el juicio la demandante, sin tratar de enmendar su demanda, intentó demostrar una nueva promesa. El apelado, con copiosa cita de autoridades, demuestra que una nueva promesa es una causa de acción distinta, y así debe ser alegada. *McCormick* v. *Brown*, 36 Cal. 180; *Chabot* v. *Tucker*, 39 Cal. 434; *Rodgers* v. *Byers*, 127 Cal. 528. El apelado insistió en este punto durante el juicio y nada hizo para renunciar su derecho a ser debidamente informado de esta causa de acción. La demandante no trató de enmendar su causa de acción y el demandado nada hizo para consentir a esta nueva causa de acción o, necesariamente, como se trataba de una moción de *nonsuit*, para presentar prueba para controvertirla. El caso en este respecto es distinto al de *Vázquez* v. *Freiría*, 27 D.P.R. 836, en el cual durante el juicio el demandado admitió, en la silla testifical, la nueva promesa o la interrupción del período prescriptivo. El artículo 48 del Código de Enjuiciamiento Civil citado por la corte inferior y por el apelado, exige que las nuevas promesas consten por escrito. Tocamos este punto en el caso de *Herederos de Martínez* v. *Fernández*, 19 D.P.R. 143, solamente para manifestar que una promesa escrita no necesitaba ser alegada en la demanda. La opinión fué escrita en inglés y la versión castellana está mal traducida. El artículo 48 del Código de Enjuiciamiento Civil, al decir así, "Ningún consentimiento o promesa de un contrato nuevo, o de la continuación de uno ya hecho, será prueba suficiente para que el caso quede fuera de las disposiciones de este título, a menos que así conste por escrito, bajo la firma de la parte en contra de la cual haya de utilizarse", cubre el caso suficientemente.

Además, según hemos indicado, el testimonio ofre-

cido por la demandante para probar la naturaleza no mercantil, fué insuficiente. Esta prueba tendió a revelar que el demandante principal era un hombre que prestaba dinero sobre bienes y aceptaba garantías, pero que no era comerciante, y que de igual modo el demandado era agricultor y no comerciante. Esta clase de prueba no excluyó la posibilidad de que la transacción entre ellos fuera no obstante mercantil. *Rosaly* v. *Alvarado,* 17 D.P.R. 109; 2 Estasen, Comentarios al Código Mercantil, página 13.

Las partes también han discutido respecto a si el reconocimiento o nueva promesa envuelto en el caso, no debía ser considerado en forma distinta al reconocimiento o nueva promesa del sistema americano, y otras cuestiones similares. Como la decisión gira sobre otros puntos hemos creído innecesario entrar en esta cuestión.

Aun teniendo alguna duda respecto a la manera de aplicar alguna de las reglas de procedimiento que hemos discutido en este caso, no revocaríamos la sentencia. Las disposiciones del artículo 142 del Código de Enjuiciamiento Civil son aplicables:

"En cualquier estado de un pleito la corte no tomará en cuenta algún error o defecto en las alegaciones o procedimientos que no afecten a lo esencial de los derechos de las partes, y no se revocará o invalidará ningún fallo por razón de dicho error o defecto."

*Debe confirmarse la sentencia.*

### EN MOCION DE RECONSIDERACION
San Juan, Puerto Rico, enero 13, 1932

Se trata de una moción para reconsiderar, en la cual se alegan once errores como cometidos por esta corte. Daremos por suficientemente tratados en nuestra opinión original los errores I, II, VI, VII, VIII, IX, X y XI, ahora señalados. En nuestra opinión original asumimos que todos los pagarés contenían las palabras "valor recibido", cuando en realidad de verdad, según indican ahora los apelantes,

dos de aquéllos no contenían estas palabras. Hasta ahora hemos resuelto, tal como lo demuestra la opinión principal, que los pagarés librados a la orden son presuntivamente mercantiles. Todos estos pagarés fueron expedidos a la orden del acreedor, y deben, por ende, ser considerados como mercantiles. Durante la vista principal y en la moción de reconsideración la sucesión apelante imprime énfasis al hecho de que el artículo 531 del Código de Comercio exige que los pagarés a la orden expresen el origen y especie del valor que representen. Tenemos la idea de que no se tuvo la intención de que el artículo 531 se aplicara a los pagarés mismos sino más bien a otras clases de documentos. En uno u otro caso, el inciso 7 del artículo 531 en verdad ha llegado a ser letra muerta. Este tribunal ha resuelto consistentemente que un pagaré librado a la orden ha de presumirse mercantil.

Además, según los mismos apelantes demuestran, el hecho de si un pagaré es o no mercantil es para ser determinado por la corte en que se presente el pagaré. El peso de demostrar que estos pagarés eran civiles en vez de mercantiles recayó sobre la sucesión demandante. Es más, la corte inferior consideró ampliamente la cuestión y llegó a la conclusión de que los pagarés eran mercantiles.

■ Hubo otra cuestión que inadvertidamente omitimos considerar, a saber, la de costas. La sucesión demandante sostiene que no debieron imponerse costas toda vez que la contestación jamás fué enmendada, y, por tanto, los demandantes no fueron debidamente notificados de la defensa de prescripción. Lo que resalta en este caso es que el demandado hizo continuos esfuerzos para enmendar su contestación, y los demandantes, aun más tenazmente, y con éxito, impidieron la enmienda formal de la contestación. Llegamos al convencimiento de que la naturaleza mercantil de los pagarés fué la verdadera controversia ante la corte y que la sucesión demandante fué debidamente informada de esta

defensa. No tenemos duda de que la corte erró al no permitir que se enmendara la contestación, y si no fué enmendada, la culpa principal residió en la enérgica oposición de la sucesión demandante. Desde luego, si conforme hemos resuelto la corte inferior estaba en lo cierto al llegar a la conclusión de que los pagarés eran documentos mercantiles, entonces la radicación del pleito por sí sola justificaría la imposición de costas. Por consiguiente, no hallamos motivo alguno para modificar la sentencia de la corte en cuanto a este extremo, y *debe declararse sin lugar la moción de reconsideración.*

El Juez Asociado Señor Hutchison está conforme con el resultado.