HEREDEROS DE FRANCISCO MARÍA FRANCESCHI, demandantes y apelantes, *v.* JOSÉ PILAR GONZÁLEZ, demandado y apelado.

No. 6873.—*Sometido:* Diciembre 10, 1934. *Resuelto:* Diciembre 14, 1934.

*Henry G. Molina,* abogado de los apelantes; *E. Ramos Antonini,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En una acción iniciada ante la Corte de Distrito de Ponce por los herederos de Franceschi contra José Pilar González, se dictó sentencia declarando sin lugar la demanda e imponiendo las costas a los demandantes.

Confirmada esta sentencia por este tribunal (42 D.P.R. 939) y por la Corte de Circuito de Apelaciones (62 F. (2d) 748), el demandado, Sr. González, radicó ante la Corte de Distrito de Ponce un memorándum de costas que fué impugnado por los demandantes.

En la vista sobre dicho memorándum el demandado ofreció en evidencia el récord completo del caso, así como las declaraciones de su abogado Ramos Antonini y del Lic. Rivera Zayas. Dictada sentencia por la corte inferior concediendo al demandado la cantidad de $1,505 en concepto de costas los demandantes interpusieron contra dicha sentencia recurso de apelación.

A los efectos de dicha apelación los apelantes obtuvieron una orden para que el taquígrafo hiciera una transcripción de las declaraciones y demás pruebas ofrecidas y admitidas por la corte. Esta transcripción, según la certificación del taquígrafo, contiene la evidencia testifical aducida, objeciones, excepciones y manifestaciones de los abogados de las partes, órdenes, resoluciones y manifestaciones de la corte y demás incidentes del acto, y asimismo una transcripción fiel y exacta de aquellos documentos admitidos como prueba documental en la vista y que no constan elevados con anterioridad al Tribunal Supremo de Puerto Rico con motivo de la apelación original que tuvo lugar en este caso.

Sometida dicha transcripción a la aprobación del Juez de la corte de distrito, el demandado apelado se opuso a que fuese aprobada porque en la misma no se había incluído el

récord completo del caso que había sido elevado ante esta corte para los efectos de la apelación original contra la sentencia en sus méritos. El juez de la corte inferior resolvió que, formulada oposición por una de las partes, no estaba autorizado para certificar que la transcripción contenía toda la evidencia relacionada con este incidente, y apuntó la idea de que debía obtenerse primeramente el permiso del Tribunal Supremo. La corte, de acuerdo con las partes, suspendió la aprobación de la transcripción de evidencia hasta que se obtuviese una resolución de este tribunal.

Solicitan los apelantes que esta corte dicte una resolución disponiendo que en las transcripciones de evidencia para los efectos de una apelación contra una orden fijando costas no es necesario, de acuerdo con lo establecido en el reglamento de este tribunal, transcribir cualquier parte de la evidencia o autos que se encuentre ya ante esta corte en virtud de una apelación anterior en el mismo caso y que, por consiguiente, procede la aprobación por el juez de distrito de Ponce de la transcripción de evidencia que radicara el taquígrafo de dicha corte en 18 de octubre de 1934 para los efectos de la apelación establecida contra la resolución concediendo al demandado la suma de $1,505 como costas.

La parte apelada entiende que el inciso *c* del artículo 40 del reglamento de este tribunal, que sería aplicable, es nulo por ser contrario a la ley. Según el demandado apelado este tribunal no puede basarse en dicho inciso para autorizar la aprobación de la transcripción de evidencia radicada en la corte inferior. El inciso *c* del artículo 40 del reglamento dice así:

"En la apelación de una resolución aprobando un memorándum de costas en que la prueba y otros procedimientos en el recurso de apelación interpuesto contra la sentencia que dió origen al memorándum, hubieren sido elevados previamente a este Tribunal mediante pliego de excepciones, exposición del caso, transcripción de la evidencia, o en otra forma debida, las partes para probar sus respectivas alegaciones pueden referirse a los dichos autos del pleito que dió

origen al memorándum y archivar cualquier otra evidencia debidamente autenticada que el juez inferior hubiera tenido ante sí al resolver el memorándum.''

Se arguye que esta parte del reglamento está en pugna con las disposiciones de la Ley No. 27, de noviembre de 1917, ((2), pág. 275) según la cual ''el taquígrafo . . . deberá preparar una transcripción de las notas taquigráficas del juicio, incluyendo en dicha transcripción copia de todos los documentos ofrecidos y admitidos como prueba y de cualquier otra materia que se hubiera solicitado en el escrito, y que el juez examinará y cuidará de que dicha transcripción sea una copia exacta, verdadera y justa de los procedimientos que tuvieron lugar durante el juicio, de las declaraciones ofrecidas y tomadas, de las pruebas ofrecidas y practicadas, etc. En dicho acto las partes podrán solicitar la inclusión de todos aquellos documentos, constancias o particulares que deban unirse a la misma, etc., y el Juez entonces certificará la fidelidad y corrección de dicha transcripción.''

No compartimos el criterio de la parte apelada. Es verdad que la transcripción de las notas taquigráficas debe contener toda la documentación y prueba de que se ha hecho mención, pero no es menos cierto que la ley no requiere cosas inútiles y que si existe evidencia en este tribunal que ha sido debidamente autenticada parece innecesario que se exija de la corte inferior que vuelva a darle autenticidad a todos los documentos y pruebas que se encuentren ante este tribunal en virtud de la apelación original. El propósito de la regla es asegurar la inclusión en el récord que se eleve en apelación de toda la prueba que se haya ofrecido ante el tribunal inferior. Si esta prueba ha sido ya radicada en la secretaría de esta corte con todas las posibles garantías y se trata de un memorándum de costas, bien pueden las partes referirse a los autos del pleito que dió origen al memorándum y archivar cualquier otra evidencia debidamente autenticada que el juez inferior hubiera tenido ante sí al resolver el

memorándum. No creemos que el apartado *c* del reglamento de este tribunal sea nulo como sostiene la parte apelada.

Dispone la ley que el taquígrafo incluirá en la transcripción copia de todos los documentos ofrecidos y admitidos como prueba, pero bien pueden interpretarse estas palabras en el sentido de comprender aquellos documentos y aquella prueba que no hayan sido elevados a este tribunal en virtud de una apelación anterior, si la parte apelante así lo solicita, ajustándose a lo dispuesto en el reglamento.

Opinamos que el juez de la corte inferior tiene autoridad, de acuerdo con la ley, para aprobar la transcripción de evidencia radicada por el taquígrafo ante dicha corte en el presente caso, y que debe proceder a impartirle su aprobación de acuerdo con los términos de esta opinión.