SUCESIÓN DE LOS ESPOSOS JOAQUÍN RODRÍGUEZ RODRÍGUEZ y MARÍA DEL PILAR RODRÍGUEZ PRIETO, ETC., demandantes y apelantes, v. RAMONA VIRELLA y la SUCESIÓN DE JOSÉ TORRES, ETC., demandadas y apeladas.

Núm. 8585.—*Sometido:* Junio 1, 1943. *Resuelto:* Noviembre 30, 1943.

*V. Polanco de Jesús,* abogado de los apelantes; *E. Pérez Casalduc,* abogado de los apelados.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

En 1928 José Torres suscribió un pagaré por "valor recibido" a favor de la Sucesión de Joaquín Rodríguez, pagadero a su presentación, por la cantidad de $1,408.57. En 1939 se instituyó un pleito para su cobro. Presumiblemente anticipándose a la defensa de prescripción, los demandantes alegaron, a pesar del hecho de que de la propia faz del pagaré se desprendía que era pagadero a su presentación, que en la fecha de su otorgamiento se convino oralmente entre el librador y el tomador que el pagaré sería satisfecho "tarde", conviniéndose, además, que el mismo sería presentado para su pago total o parcial todos los años durante los meses de noviembre y diciembre. Los demandantes alegaron además que, de acuerdo con dicho convenio, el pagaré fué presentado para su cobro durante el invierno de los años de 1929 a 1937, pero que no se hizo ningún pago a cuenta del mismo. Ale-

garon que después de la muerte del librador, acaecida en 1937, el pagaré fué presentado a su Sucesión, y que uno de los herederos ofreció en 1938 cierta transacción que no fué aceptada por los demandantes.

Después de una vista en que se ofreció evidencia sobre las anteriores alegaciones, la corte, al terminar los demandantes su prueba, declaró con lugar la excepción previa de prescripción interpuesta originalmente por los demandados. Los demandantes han apelado de esa sentencia.

 Como quiera que el pagaré en este caso fué otorgado y entregado con anterioridad a la aprobación en Puerto Rico de la Ley Uniforme sobre Instrumentos Negociables, las disposiciones de esta última no se aplican al presente caso (Artículo 547, Código de Comercio, ed. 1932; *Dávila v. Sucesión González,* 60 D.P.R. 430). El artículo 946 del Código de Comercio dispone, en cuanto a pagarés, un período prescriptivo de tres años a partir de su vencimiento. Ya que el pagaré en este caso era uno pagadero a la presentación, el término prescriptivo empezaría a contarse, a más tardar, en la fecha en que el mismo fué presentado para su cobro (Véase el artículo 1869, Código Civil, ed. 1930; *cf. Dávila v. Sucesión González,* supra). Y las propias alegaciones y la prueba de los demandantes fueron al efecto de que se hizo un requerimiento de pago en 1939. Bajo tales circunstancias, el pagaré en cuestión debió, de ordinario, haber prescrito hace ya largo tiempo. La única base posible para una contención en contrario fué el alegado convenio oral antes mencionado. Sin embargo, ese supuesto convenio oral, estando como está en conflicto con los términos del pagaré, no puede prevalecer sobre las disposiciones del mismo, de conformidad con el artículo 387 del Código de Enjuiciamiento Civil (ed. 1933), que dice en parte como sigue:

"Cuando las condiciones de un convenio se hayan consignado por las partes en un documento, se considerará que contiene éste todas

dichas condiciones, por lo que no cabrá entre las partes y sus representantes o sucesores en interés, evidencia alguna de las condiciones del convenio, fuera de lo contenido en el documento, . . .".

Este tribunal, al aplicar el artículo 387, ha dicho que "Esta regla es algo más que una mera cuestión de prueba. Es una declaración de la política que debe observarse hecha por la legislatura. Tiene por objeto lo mismo que el Estatuto Inglés de Fraudes, de donde deriva su origen, el evitar controversias de la naturaleza de la que ahora consideramos. El contrato ha de considerarse como que contiene todas las condiciones y no puede haber evidencia alguna de las condiciones del convenio fuera del contenido mismo del documento." (*Morales* v. *Díaz*, 24 D.P.R. 739, 743). Deseamos aclarar que resolvemos en este caso solamente que un convenio oral no puede variar un convenio escrito cuando sus disposiciones están en conflicto con este último. Entre otros, convenios orales suplementarios que no surten este efecto, así como convenios orales que aclaran ambigüedades, constituyen una clasificación distinta. (Véase el artículo 387, Código de Enjuiciamiento Civil; *Restatement Contracts,* Secciones 237, 241).

■■ Como ya hemos indicado, se alega que uno de los herederos del librador del pagaré en 1938 hizo verbalmente una oferta de transacción que no fué aceptada. Asumiendo, sin resolverlo, que esto fué suficiente de acuerdo con el artículo 941 del Código de Comercio para constituir un reconocimiento de la supuesta deuda envuelta en este caso, el artículo 48 del Código de Enjuiciamiento Civil dispone que tal reconocimiento deberá ser por escrito. (Véanse *Lange* v. *Honoré,* 51 D.P.R. 711; *Sucesión Franceschi* v. *González,* 42 D.P.R. 939; *In re Cole's Estate,* 126 P. (2d) 660, 63, 64 (Calif., 1942); *Ferguson* v. *Fonner,* 262 P. 337 (Calif., 1927); *cf.* 135 A.L.R. 433). Sólo nos resta indicar que la supuesta oferta de transacción, como tal, no ayuda a los apelantes en este caso. Una oferta de transacción que no se acepta, no

es, por sí sola, suficiente para suspender o eliminar el impedimento del estatuto de prescripción. Véanse los casos citados en 12 A.L.R. 544.

*La sentencia de la corte de distrito será confirmada.*