DIEGO G. GONZÁLEZ, demandante y apelado, *v.* MARCELINO ALDARONDO, demandado y apelante.

No. 5939.—*Sometido:* Febrero 15, 1934. *Resuelto:* Julio 9, 1934.

*Buenaventura Esteves,* abogado del apelante; *García Méndez & García Méndez,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Diego G. González inició pleito contra Marcelino Aldarondo en cobro de la suma de $275, que el supuesto deudor

le debía. El demandante unió en dicho pleito un crédito de $510.88 que Emilio González cedió y traspasó a Diego G. González. El pleito en su totalidad fué por $275 más los $510.88.

■■ Los dos primeros señalamientos de error leen como sigue:

"1. La corte de distrito cometió manifiesto error de derecho al declarar sin lugar las excepciones previas formuladas por el demandado en oposición a la demanda del actor.

"2. La corte de distrito cometió manifiesto error de derecho al resolver que la acción del demandante no estaba prescrita por ministerio de la ley."

La teoría del apelante es que la acción en cobro de los $510.88 había prescrito y, por ende, que la corte no tenía jurisdicción para considerar el pleito por $275. Por tanto, suponiendo que la jurisdicción no surgía del montante de las reclamaciones, ambos señalamientos de error dependen de la cuestión de prescripción.

Este caso envuelve la interpretación del artículo 1526 del Código Civil Español, equivalente al 1429 del Código Civil de 1902 y al 1416 de la Edición de 1930. Este artículo lee así:

"Artículo 1416.—La cesión de un crédito, derecho o acción no surtirá efecto contra tercero sino desde que su fecha deba tenerse por cierta en conformidad a los artículos 1172 y 1181.

"Si se refiere a un inmueble, desde la fecha de su inscripción en el registro."

Las secciones a que se hace referencia en dicho artículo proveen lo siguiente:

"Artículo 1172.—Los documentos públicos hacen prueba, aun contra tercero, del hecho que motiva su otorgamiento y de la fecha de éste.

· "También harán prueba contra los contratantes y sus causahabientes, en cuanto a las declaraciones que en ellos hubiesen hecho los primeros."

"Artículo 1181.—La fecha de un documento privado no se contará respecto de terceros, sino desde el día en que hubiese sido incorporado

o inscrito en un registro público, desde la muerte de cualquiera de los que lo firmaron, o desde el día en que se entregase a un funcionario público por razón de su oficio.

"La misma disposición se aplicará respecto al mandante, con relación a los contratos efectuados por mandatarios, en los casos a que se refieren y salvo las excepciones que consignan los artículos 1232 y 1629 de este código, en sus últimos respectivos párrafos."

Convenimos con el apelado en que la cesión de créditos a que se hace referencia en el artículo 1429 se refiere solamente a los derechos de terceros y que la misma no afecta a un deudor. Ambas partes han citado 10 Manresa 380, y una vez más convenimos con el apelado en que Manresa excluye, más bien que incluye, al deudor en la cesión de créditos.

El apelante alega que el artículo 1868, inciso 4, del Código Civil, que lee como sigue, es aplicable:

"Por el transcurso de tres años prescriben las acciones para el cumplimiento de las obligaciones siguientes:

"1. . . . . . . . . . .

"2. . . . . . . . . . .

"3. . . . . . . . . . .

"4. La de abonar a los posaderos la comida y habitación, y a los mercaderes el precio de los géneros vendidos a otros que no lo sean, o que siéndolo se dediquen a distinto tráfico."

En otras palabras, la teoría del apelante fué que ésta era una acción en cobro de efectos vendidos.

Sucede que tanto el cedente del demandante como el demandado eran comerciantes en provisiones que se dedicaban al mismo tráfico, y por ende, la prescripción de tres años no les es aplicable. Bajo estas circunstancias, convenimos con el apelado en que el Código Civil no fija término especial de prescripción alguno y que la causa de acción subsistiría durante un período de quince años.

El apelante hasta cierto punto se basó en el caso de *Franceschi* v. *González,* 42 D.P.R. 939, 945. Ese fué un caso en que resolvimos que una nueva promesa era similar a una causa de acción independiente y que la nueva promesa debía exponerse en la demanda. El apelado no se fundó en una

nueva promesa, sino en gran parte en el hecho, según se ha hecho constar, de que ambas partes eran comerciantes dedicados a la misma clase de negocios.

Consideramos que la enmienda hecha durante el juicio para demostrar una fecha distinta no constituyó una sorpresa para el demandado, sino que quizá le dió derecho a basarse en la prescripción en el curso del juicio.

El apelado nos llama igualmente la atención hacia el hecho de que el apelante dejó de alegar la prescripción en debida forma, mas hallamos que es innecesario considerar esta cuestión.

El tercer señalamiento de error fué suscitado por la contestación y en él se alegaba que había habido incuria (*laches*) por parte del demandante. Los autos demuestran que la demanda fué radicada en diciembre 13 de 1928. Transcurrieron muchos meses sin que el demandante hiciera gestión alguna. La corte, en febrero 21 de 1930, expidió una orden para mostrar causa por la cual no debía archivarse el caso, y como el demandante no hizo gestión alguna, la corte dictó sentencia en abril 11 de 1930 decretando el archivo del caso. Más de seis meses después, o sea, en 25 de noviembre de 1930, el demandante presentó una moción para que se dejara sin efecto la sentencia, ofreciendo excusas que parecieron suficientes a la corte inferior, y entonces se dictó una orden dejando sin efecto la sentencia y el caso fué a juicio. Después de dejarse sin efecto la sentencia, la corte procedió a señalar, dándose traslado de ello al demandado, la vista de una excepción previa que se hallaba pendiente. Éste no compareció a sostener la excepción y la corte, después de la vista, declaró la misma sin lugar.

Nos inclinamos a convenir con el apelado en que el hecho de haber dejado el demandado de presentar objeción alguna a la actuación de la corte hasta que se radicó la contestación equivalía a una renuncia, especialmente el haber dejado de comparecer a la vista señalada para la discusión de la excepción previa.

■ La discusión principal a este respecto gira sobre la interpretación que debe dársele al artículo 140 del Código de Enjuiciamiento Civil, que lee como sigue:

"Artículo 140.—Podrá la corte, en bien de la justicia, y en los términos que fuesen adecuados, permitir a una de las partes enmendar cualquier alegación o procedimiento, bien añadiendo o eliminando el nombre de alguna parte o corrigiendo un error en el nombre de la misma, o en cualquier otro particular, y en igual forma, prorrogar el término para la contestación o excepción previa. La corte puede también, a su arbitrio, después de notificada la parte contraria, permitir en la forma que estimare justa, una enmienda a cualquier alegación o procedimiento en otros particulares, y puede, en igual forma, permitir que se formule una contestación después del término prescrito por este Código, y también eximir a alguna persona o a sus representantes legales, de los efectos de una sentencia, orden u otro procedimiento que se hubiese dictado contra ella, por causa de equivocación, inadvertencia, sorpresa o excusable negligencia; y cuando por cualquier razón que la corte o el juez de la misma estime satisfactorio, la parte agraviada hubiese dejado de solicitar algún recurso legal, durante el período judicial (term) en que se dictó dicha sentencia, orden o procedimiento objeto de la queja, dicha corte o juez en vacaciones, podrá conceder el remedio, mediante solicitud presentada dentro de un plazo razonable que no excederá de seis meses, contados desde la expiración del período judicial (term) . . ."

Desde luego, la orden de la corte fué dictada más de seis meses después de abril 11, 1930. La corte y el apelado insisten en que los seis meses a que se hace referencia en el artículo 140 no son aplicables a los hechos de este caso y que los seis meses se referían a otras cuestiones y no al archivo de la sentencia. Sin embargo, creemos que dichos seis meses se refieren a cualquier actuación tomada contra una parte.

■ Somos de opinión que el período de seis meses fijado en el Código de Enjuiciamiento Civil no es una limitación absoluta a la facultad de la corte, sino que en casos extraordinarios la corte puede actuar. No revocaríamos tal actuación a menos que se nos probara que había habido abuso de discreción y no estamos convencidos de que aquí se come-

tiera tal abuso. La distinción que debe hacerse es que cuando la orden se dicta dentro de los seis meses, se necesitaría prueba bastante convincente del abuso de discreción para revocar, pero la actuación de la corte sería más fácilmente revocada si la corrección pretendida tuviera lugar fuera de los seis meses.

La lectura del artículo convence a uno de que el término de seis meses no empieza a contarse desde la fecha en que se dicta la orden dejando sin efecto la resolución o sentencia anterior, sino que se extiende por un período de seis meses contados a partir del día en que finalizó el término durante el cual se dictó la orden. De suerte que fácilmente puede exceder de seis meses y en algunos casos podría llegar casi a ocho meses. Los autos guardan silencio respecto a la fecha de los términos de la corte en Aguadilla y hemos determinado, puesto que podíamos tomar conocimiento judicial de ello, que el término durante el cual se dictó la orden no expiró hasta fines de mayo de 1930. Bajo estas circunstancias, la orden de la corte fué dictada dentro del término prescrito por la ley.

No hallamos pasión o prejuicio en la actitud de la corte inferior al apreciar la prueba y al negarse a creer el testimonio ofrecido por el demandado y sus testigos con relación al pago.

*La sentencia apelada debe ser confirmada.*