GREAT AMERICAN INSURANCE COMPANY, peticionaria, *v.* CORTE DE DISTRITO DE BAYAMÓN, HON. FERNANDO GALLARDO DÍAZ, JUEZ, demandada.

Núm. 1687.—*Sometido:* Junio 4, 1947. *Resuelto:* Julio 9, 1947.

---

*Hugh R. Francis* y *Vicente M. Ydrach,* abogados de la peticionaria; *Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados de la interventora, demandante en el pleito principal.

El Juez Asociado Señor de Jesús emitió la opinión del tribunal.

En un pleito seguido en la corte inferior por Jacinta Figueroa contra Joaquín Rivera y Great American Insurance Co., civil núm. 2253, el secretario notificó por escrito a la corte que desde el 2 de julio de 1943 no se había radicado instancia alguna. De conformidad con la Regla 3 de las Cortes de Distrito, se dictó una orden concediendo a las partes un término de diez días para que expusieran las razones por las cuales no debía archivarse el pleito por abandono. La copia de la notificación se archivó en los autos el 1ro. de agosto de 1945 y no habiendo comparecido las partes, el 17 del mismo mes se dictó sentencia sobreseyendo el pleito. El 11 de julio de 1946 el abogado Luis A. Archilla, en representación de la demandante radicó una moción en la corte inferior solicitando se dejara sin efecto la sentencia así dictada. No habiendo recaído resolución alguna con respecto a dicha moción, la reprodujo el 30 del mismo mes, siendo declarada con lugar el 27 de agosto siguiente. El 17 de septiembre los demandados en dicho pleito, invocando la Regla 60(*b*) de Enjuiciamiento Civil, solicitaron se dejara sin efecto la orden

del 27 de agosto de 1946 y se restableciese la sentencia del 17 de agosto de 1945, por la cual se ordenó el archivo y sobreseimiento del caso por abandono.

Oídas las partes, la corte inferior desestimó la moción de los demandados con fecha 4 de diciembre de 1946 y dejó en vigor su citada resolución de 27 de agosto de 1946. Para revisarla se interpuso por The Great American Insurance Co. este recurso de *certiorari*.

■■ En el presente caso, como hemos visto, la sentencia fué dictada el 17 de agosto de 1945 y la moción para que la misma se dejara sin efecto se radicó el 11 de julio de 1946, casi once meses después de dictada la sentencia. Las Reglas de Enjuiciamiento Civil empezaron a regir el 1ro. de septiembre de 1943. Consecuentemente, en la fecha que se dictó la sentencia, la ley aplicable para determinar la facultad de la corte para dejarla sin efecto era la Regla 60(*b*) de Enjuiciamiento Civil invocada por la peticionaria, que en lo pertinente prescribe:

"Mediante moción, la corte, bajo aquellas condiciones que sean justas, podrá relevar a una parte o a su representante legal, de una sentencia, u orden dictada o acción tomada en su contra por error, inadvertencia, sorpresa o negligencia-excusable. *La moción deberá hacerse dentro de un término razonable, pero en ningún caso después de transcurridos seis meses de haberse dictado dicha sentencia,* orden o haberse tomado dicha acción." (Bastardillas nuestras.)

Esta regla tiene su origen en el artículo 473 del Código de Enjuiciamiento Civil de California de cuyo artículo se tomó el 140 del nuestro.([1]) Las jurisdicciones federales, al aplicar la Regla 60(*b*), han seguido la jurisprudencia de aquel Estado, interpretativa del citado artículo. Al igual que en California, sostienen las cortes federales que en los casos de inadvertencia, error, sorpresa o negligencia excusable, las cortes no tienen facultad para dejar sin efecto una sentencia

---

([1]) El artículo 473 del Código de Enjuiciamiento Civil de California ha sido enmendado con posterioridad a la fecha en que se adoptó por nuestra Legislatura, pero esas enmiendas no afectan la cuestión que consideramos en este caso.

cuando la moción en que tal remedio se solicita, no ha sido radicada dentro de un término razonable, el cual no podrá exceder de seis meses a partir de la fecha en que la sentencia fué dictada. *Wallace* v. *United States,* 142 F.2d 240 (C.C.A. 2d. 1944) ; *Oliver* v. *City of Shattuck, etc.,* 9 *Fed. Rules Serv.* 60b. 51, Case 3; 3 Moore's *Federal Practice,* pág. 3277 y Moore & Rogers, *Federal Relief From Civil Judgments,* 55 Yale 623.

En el caso de *González* v. *Aldarondo,* 47 D.P.R. 156, este Tribunal, aplicando el artículo 140 de nuestro Código de Enjuiciamiento Civil a un caso ordinario de excusable negligencia, dijo:

"Somos de opinión que el período de seis meses fijado en el Código de Enjuiciamiento Civil no es una limitación absoluta a la facultad de la corte, sino que en casos extraordinarios la corte puede actuar. No revocaríamos tal actuación a menos que se nos probara que había habido abuso de discreción y no estamos convencidos de que aquí se cometiera tal abuso. La distinción que debe hacerse es que cuando la orden se dicta dentro de los seis meses, se necesitaría prueba bastante convincente del abuso de discreción para revocar, pero la actuación de la corte sería más fácilmente revocada si la corrección pretendida tuviera lugar fuera de los seis meses."

Esas aseveraciones, además de no estar sostenidas por la letra del artículo 140 del Código de Enjuiciamiento Civil, se hallan en conflicto con la reiterada jurisprudencia de California, interpretativa del artículo 473 de su referido Código. *Phillips* v. *Trusheim,* 156 P. 2d 25 (Cal. 1945) ; *Hunt, Mirk & Co.* v. *Patterson,* 253 P. 317 (Cal. 1927) ; *Hinds* v. *Superior Court of Los Angeles County,* 223 P. 422 (Cal. 1924) y *Smith* v. *Pelton Water Wheel Co.,* 90 P. 934 (Cal. 1907).

Uno de los fines que persigue la adopción de las Reglas de Enjuiciamiento Civil es la uniformidad en la jurisprudencia interpretativa de las mismas. Este es un motivo más para que no sigamos el caso de *González,* supra, en cuanto al punto aquí discutido.

*Procede anular la resolución recurrida.*